## SUPREME COURT.

ALFRED A. PHILLIPS and BURTON H. DAVIS agt. EDWARD
SIMMONS.

Where the *wife* commences an action of *divorce* against her husband, and pending
the litigation the parties become reconciled and settle the action, and live together
again as man and wife, the *husband* is not liable for the *costs* of her attorneys.*

*New York Special Term, November,* 1860.

THE complaint states, that in March, 1859, the plaintiffs,
being attorneys and counsellors at law, on the retainer of
Jane Simmons, the wife of defendant, commenced an action
in her favor against defendant, for a divorce, on the ground
of cruel and inhuman treatment, and until about August,
1859, acted as attorneys and counsel for said Jane in that
action, when the parties thereto became reconciled and
settled the action, and have ever since been and are living
together as man and wife; that their services as such
attorneys and counsel for said Jane, were reasonably worth
two hundred and fifty dollars, and they expended in carry-
ing on that suit forty-one dollars and seventy-four cents.
And that there is due and owing to plaintiffs from defend-
ant two hundred and fifty-seven dollars and seventy-four
cents, for which with interest and costs, they demand judg-
ment.

The defendant has demurred to the complaint.

PHILLIPS & DAVIS, *plaintiffs, in person.*
P. CANTINE, *for defendant.*

* It is difficult to see the difference in principle, between such an action as this,
and any other, where the parties settle and endeavor to cheat the *attorney* out of
his *costs.* The husband settles with *notice,* and it would seem, should take his
wife *cum onere,* and pay the costs of the action. How, otherwise can the attorney
get his costs? he cannot sue the wife for them. *Non constat* had the litigation
gone on the husband would have been compelled to pay *alimony,* which would go
to pay the costs of the litigation, and thus the husband be compelled to pay, what
he seeks by a settlement to avoid.—REP.

Dickerson agt. Benham.

BONNEY, Justice. The defendant must have judgment on this demurrer. I can see no possible ground for maintaining the action. Surely a wife cannot be considered (as plaintiffs have attempted to argue,) the agent of her husband, with authority to commence an action against himself, perhaps without cause, and afterwards discontinue it, and thereby make him liable to her attorneys for the costs of the action. While an action for divorce is pending, a wife may, in a proper case, obtain an order that a husband furnish her with means for carrying it on; but when the wife is plaintiff in such an action, and has either discontinued it or been defeated, and judgment been rendered against her, neither she nor her attorneys or counsel can have any claim upon him for the costs or expenses of her fruitless and probably causeless prosecution. (*Shelton* agt. *Pendleton*, 18 *Connec. R.*, 417; *Wing* agt. *Hurlburt*, 15 *Vermont R.*, 607; *Dorsey* agt. *Goodenow,* *Wright's Ohio Rep.*, 120, *are authorities for this decision.*)