(28 Misc. Rep. 575.)

HAYS et al. v. LEDMAN.

(Supreme Court, Appellate Term. July 26, 1899.)

LEGAL SERVICES TO WIFE—LIABILITY OF HUSBAND.

A husband is liable for legal services rendered his wife, who had no independent means, in an action for separation instituted by him, but discontinued after a reconciliation.

MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Daniel P. Hays and others against Samuel Ledman. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edward McKinley (Wm. McArthur, of counsel), for appellant.

Frederick F. Neumann, for respondents.

LEVENTRITT, J. The plaintiffs had recovery below for the value of legal services rendered by them on behalf of the defendant's wife in an action for separation instituted by him against her. The question presented on this appeal is whether the action will lie. It is undisputed that services were rendered to the wife, and we do not think the amount sued for and recovered unreasonable. There was a conflict of testimony whether the wife was possessed of independent means, the plaintiffs offering proof to show that she was penni-

less, and in necessitous circumstances, while the defendant claimed that she had jewelry, and money in bank. We accept the finding of the justice in favor of the plaintiffs' contention. This action was instituted after a reconciliation had been effected between the defendant and his wife, and after entry of an order discontinuing the separation suit. We find but two cases in this state passing upon the right of an attorney to recover compensation from the husband for services rendered the wife in matrimonial actions. In Phillips v. Simmons, 11 Abb. Prac. 287, recovery was denied the attorneys where an action was brought by the wife for absolute divorce, and then discontinued. In Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222, the attorney's claim was, as in the case at bar, founded on a separation suit. After a review of the leading authorities of the several states, Judge Cullen seeks to reconcile them by drawing a sharp distinction between the right to recover compensation in actions for divorce and in actions for separation. His conclusions, concurred in by all his associates hearing the appeal, are, briefly, that while an action like the present cannot be maintained where the services were rendered in an action for divorce, it will lie where the action was for separation only, but that it is incumbent on the attorney to prove that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper. Applying this rule to the facts before us, we hold that the judgment must be sustained. This case is stronger than Naumer v. Gray. There the separation suit was instituted by the wife, and the plaintiff therefore had the additional burden of proving the reasonableness and necessity of the suit. Here the wife was forced into the litigation as defendant, and, obviously, her attorneys, to recover, need prove no justification for her endeavors to maintain unimpaired the marital relation. Public policy furnishes the warrant for the defense of the suit, even as it requires the wife, when, as plaintiff, she brings the husband into court, to show reasonable cause for her action. The judgment will be affirmed.

Judgment affirmed, with costs to the respondents.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). If the recovery in this action is to be upheld by reference to the decision of the Second department, which at once announced a doctrine novel in this state and overruled respectable authority of long standing, it should be shown that the facts upon which this recovery is based were within the requirements stated in Naumer v. Gray, 28 App. Div. 529, 534, 51 N. Y. Supp. 225, wherein it was said: "To succeed in it, the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper." As in that action the wife was plaintiff, while here she was defendant, it was, e converso, necessary here to show by affirmative evidence that the conduct of the husband was such as to render the institution and

prosecution of the action unreasonable and improper, and that the wife was entitled to protection and support. No evidence of that sort appears, although the plaintiffs were permitted to introduce hearsay in drafts of affidavits verified by no one, and in the recital by one of the plaintiffs of what the wife had told him, and wherein, moreover, the husband—here the defendant—was prevented by the objection of the plaintiffs from testifying to the facts upon which he had proceeded.