DAMMAN v. BANCROFT.

(Supreme Court, Appellate Term. May 19, 1904.)

1. SEPARATION—ATTORNEY'S FEES—JUDGMENT—CONCLUSIVENESS.

In an action for separation, an order requiring plaintiff's husband to pay $150 counsel fees conclusively established the measure of the husband's liability for his wife's attorney's fees in such suit.

2. SAME—NECESSARIES.

Where, at the time plaintiff brought suit for defendant's wife to recover certain articles alleged to belong to her, then in defendant's possession, plaintiff knew that the husband and wife were living apart, and that the Supreme Court, in an action for separation, had fixed the amount necessary for the wife's support and maintenance, plaintiff was not entitled to recover from the husband attorney's fees for prosecuting the suit to recover such property.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Milton Damman against Olin F. Bancroft. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

L. W. Naylor, for appellant.
C. E. Reed, for respondent.

TRUAX, J.    This is an action brought by the plaintiff, who was the
attorney for the defendant's wife, to recover compensation for services
rendered by him as such attorney in an action for separation brought by
the defendant's wife, and also to recover compensation for services
rendered by him for the defendant's wife in securing the possession of
property belonging to the defendant's wife, which property was held by
the defendant.

The evidence shows that, while the proceedings in the action for
separation were pending, an order for $150 counsel fee was made in
behalf of the plaintiff in that action; that $100 of said $150 was paid
to the plaintiff, and that then another attorney was substituted for the
plaintiff in said action as the attorney for the plaintiff in the action for
separation; and that the action for separation is still pending.

I am of the opinion that Naumer v. Gray, 28 App. Div. 529, 51 N. Y.
Supp. 222, is not an authority in favor of the plaintiff herein.  It is
true, it was held in that case that an attorney may maintain an action
against a husband to recover the value of legal services rendered by the
attorney in the institution and prosecution of an action against the hus-
band by his wife for his separation upon the ground of cruel and inhu-
man treatment, that the plaintiff in such an action must show affirm-
atively that the suit was for the protection and support of the wife, and
that the conduct of the husband was such as to render its institution and
prosecution reasonable and proper; but the Naumer Case is to be dis-
tinguished from the case before us in two respects.  First, in the
Naumer Case it appeared that the parties had become reconciled.  See
Naumer v. Gray, 41 App. Div. 361, 58 N. Y. Supp. 476.  Secondly, it
did not appear that an order for the payment of alimony and counsel
fees had been made.  In the Naumer Case the court said that it was
inclined to the opinion that in case an application had been made in the
divorce action, and the court had determined the alimony and counsel
fee to be awarded the plaintiff, such determination would conclusively
establish the measure of the husband's liability.  The case of Hays v.
Ledman, 28 Misc. Rep. 575, 59 N. Y. Supp. 687, follows Naumer v.
Gray; but in that case, as in the Naumer Case, the action to recover the
attorney's compensation had been instituted after a reconciliation had
been effected between the husband and his wife, and it further appeared
in that case that an order had been entered discontinuing the separation
suit.  I am of the opinion that the doctrine of Naumer v. Gray and
Hays v. Ledman should not be extended beyond the facts shown in
those two cases.

Part of the recovery in this action was for services rendered by the
plaintiff herein to the wife of the defendant in procuring the recovery of
certain articles belonging to the defendant's wife, but then in the pos-
session of the defendant.    At the time these services were rendered, the
defendant and his wife were living separate and apart, and the order
awarding the defendant's wife alimony and counsel fee had been made.
I am of the opinion that plaintiff cannot recover for the services above

mentioned. He knew that the defendant and his wife were living separate and apart when he rendered these services, and that the Supreme Court in the action for separation had fixed the amount that was necessary for the support and maintenance of the defendant's wife. It would be unjust, after such an amount had been fixed on the application of the plaintiff herein, and the court had determined the amount, to give in this action more for the support and maintenance of the wife than had been given her in the action for separation.

I am of the opinion that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.