## TURNER v. WOOLWORTH et al.

(Supreme Court, Appellate Division, Second Department. November 1, 1912.)

1. DIVORCE (§ 228*)—COUNSEL FEES.

In an action by a husband against his wife for a divorce, an allowance in that action to the wife for counsel fees is the limit of the husband's liability to the wife's attorney and counsel.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 655; Dec. Dig. § 228.*]

2. HUSBAND AND WIFE (§ 19*)—SUPPORT OF WIFE—ALLOWANCE.

Where, in a suit for divorce, an order was made requiring the husband to pay temporary alimony for the wife's support, such alimony constitutes the fund from which the wife is supportable; and while advances to her may be made on the faith of the fund, entitling the person making the advancement to subrogation, the wife's attorney, in case of the husband's refusal to pay the amount designated for her support, was not entitled to provide her with necessaries, and then recover for them from the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 146, 322; Dec. Dig. § 19.*]

3. ATTORNEY AND CLIENT (§ 190*)—ATTORNEY'S LIEN—ENFORCEMENT—DIVORCE PROCEEDINGS.

Counsel for wife, in an action for separation, recovered judgment for counsel fees, costs, accrued alimony, and an order directing payment to the wife thereafter of $30 per week. The husband having refused to comply with the judgment, an action was instituted at the attorney's instance in another state on the judgment, when all the recovery for money decreed was released by a collusive agreement between the husband and wife without the attorney's knowledge, but with notice of the attorney's lien on the judgment and orders and all the moneys due thereunder, and the judgments and orders were satisfied of record. Held, that the attorney was not limited to a motion to collect the money due him, as provided by Code Civ. Proc. § 779, but was entitled to maintain an action against both parties for allowances, and for the recovery of such sum as was secured by his attorney's lien.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417; Dec. Dig. § 190.*]

Appeal from Special Term, Kings County.

Action by Violet M. Turner, as assignee of Alexander S. Bacon, against Herbert G. Woolworth and another. From an order denying a motion of defendant Herbert G. Woolworth for judgment on the pleadings, he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Arnold L. Davis, of New York City, for appellant.
Alexander S. Bacon, of New York City, for respondent.

THOMAS, J. The plaintiff, as the assignee of Mr. Bacon, sues for legal services and money advanced to Mrs. Woolworth while she was the wife of Herbert G. Woolworth. The services, as alleged, were rendered in the successful defense of the wife in an action for absolute divorce brought by the husband, wherein Bacon acted as coun-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sel, for the successful prosecution as attorney for the wife of an action for separation, and for money advanced by Bacon individually to the wife for necessities. In the separation action, $400 counsel fees were allowed to the attorney, the costs taxed were $207.02, and the judgment provided for $1,580 accrued alimony and for the further payment to her of $30 per week.

[1] The complaint does not show whether an allowance was made for counsel fees in the action for absolute divorce. If there were such allowance, the amount thereof is the limit of the husband's liability to the wife's attorney and counsel (Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222; Damman v. Bancroft, 43 Misc. Rep. 678, 88 N. Y. Supp. 386); but by authority of Naumer v. Gray, supra, and Hays v. Ledman, 28 Misc. Rep. 575, 59 N. Y. Supp. 687, it is concluded that recovery for such services cannot be had. It is not shown at what times and for what specific purposes advances of money for necessaries were made, nor that the money was used in supplying necessities. The husband would not support his wife, neither would he pay the sum designated by the court for her support. Bacon supplied the husband's failure by advancing money, and on occasions a remedy for advances has been found. Kenny v. Meislahn, 69 App. Div. 572, 75 N. Y. Supp. 81; Wells v. Lachenmeyer, 2 How. Prac. (N. S.) 252.

[2] But when the wife moves the court for direction for payment of money for support, her attorney should not be permitted to provide her with necessaries or money to buy necessaries, as if no provision had been judicially made, and recover therefor. Damman v. Bancroft, supra. The alimony was the fund from which she was supportable, and advances to the wife could be made upon the faith of it; but facts should be shown in the complaint establishing right of subrogation or to a lien, and notice thereof to the husband.

[3] The present complaint is entirely insufficient. But it is shown in the complaint that, in an action instituted at Bacon's instance in Massachusetts on the judgment of separation, all the recovery for money decreed was released by a collusive agreement (made a part of the complaint) between the parties without Bacon's knowledge, and it is alleged that the judgments and orders have been satisfied of record. But the complaint alleges that, before such settlement was effected, notice of Bacon's lien as attorney upon the "judgment and orders, and all moneys due thereunder," was served on the husband. In such case, the attorney may maintain an action for allowances, and for the recovery of such sum as he had a lien on the costs, or other attorney's lien. The scanty statement in the complaint precludes precise decision.

It is urged by appellant that the attorney should collect the money due him by motion under section 779 of the Code of Civil Procedure, which permits execution against personal property. But the judgment is satisfied pursuant to a clandestine agreement between the judgment debtor and creditor, tending or purposed to defraud the attorney, or to defraud him of his usual opportunity, and in such case at least the attorney should be permitted to bring before the court the parties,

and obtain what, under the judgment and his relation to his client, he is entitled to have.

The order should be affirmed, with $10 costs and disbursements. All concur.

