(165 App. Div. 70)

## TURNER v. WOOLWORTH.

(Supreme Court, Appellate Division, Second Department.   December 18, 1914.)

1. DIVORCE (§ 228*)—ATTORNEY AND COUNSEL FEES—AWARD.
    Where, in a suit by a husband against his wife for divorce, the court awarded her a counsel fee, the compensation was thereby fixed, not only for the attorney of record, but for the counsel whom she retained; and hence no additional recovery could be thereafter had against the husband for counsel fees, nor could he be sued under an alleged common-law liability for the alleged value of counsel's services over and above the amount so fixed and the wife's costs as taxed.
    [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 655; Dec. Dig. § 228.*]

2. SUBROGATION (§ 24*)—ADVANCEMENTS FOR NECESSARIES.
    Subrogation to a wife's rights may be enforced on proof of advances for necessaries to her, made on the faith of her right to alimony.
    [Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 49; Dec. Dig. § 24.*]

3. SUBROGATION (§ 21*)—NECESSITY FOR PAYMENT—ATTORNEY'S SERVICES.
    Where, after a wife had secured a divorce and a decree for alimony, her counsel employed attorneys at B. to enforce the decree against the husband, and pending such litigation it was settled by the parties, the wife's local counsel could not recover for the services of the foreign attorneys against the husband, in the absence of proof that he had paid for them.
    [Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 47; Dec. Dig. § 21.*]

Appeal from Trial Term, Kings County.

Action by Violet M. Turner against Herbert G. Woolworth and Martha G. Woolworth. From a judgment in favor of plaintiff for less than the relief demanded, she appeals, and defendant Herbert G. Woolworth prosecutes a cross-appeal. Modified and affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Alexander S. Bacon, of New York City, for plaintiff.

Arnold L. Davis, of New York City, for defendant Herbert G. Woolworth.

PUTNAM, J.   The sufficiency of the complaint has already been considered.   153 App. Div. 293, 137 N. Y. Supp. 1071.   Plaintiff, as assignee of Mr. Bacon, sues for legal services, money advanced, also for costs and allowances, and for counsel fees in matrimonial litigations. The husband first instituted a divorce suit, which resulted in favor of the wife, whereupon the husband paid the temporary alimony, costs, and counsel fees awarded against him.   But it is claimed that Mr. Bacon, as counsel (although not the attorney of record), had a further charge for legal services rendered to the wife, for which he may also look to the husband under his common-law liability.

Mrs. Woolworth, through Mr. Bacon, as attorney of record, then instituted a separation suit.   Eventually she recovered a separation decree, including $1,580 back alimony, with $207.02 costs.   The hus-

band's appeal was ultimately dismissed by the Appellate Division. The costs and counsel fees in this suit, with interest, amounted to $943.39. In the meantime the wife, failing to receive her alimony, became in need, and received advances of divers amounts from Mr. Bacon, which aggregated $813.50. An agreement with the wife for a lien therefore stands undisputed. In the effort to collect this alimony, copies of the court orders were served on the husband in Boston. Upon his default the Special Term imposed a fine of $850, which on appeal was reduced to $680. Woolworth v. Woolworth, 115 App. Div. 405, 100 N. Y. Supp. 865. In the effort to realize on these decrees, Mr. Bacon employed a Boston law firm to take proceedings upon the New York judgment in Massachusetts. Ultimately this led to negotiations which resulted in a settlement by the wife, who gave her husband a full release, without the knowledge of Mr. Bacon. This compromise was formally interposed in the Massachusetts proceedings by a supplemental answer, which ended that litigation. To the complaint herein against both husband and wife, Mrs. Woolworth answered, but did not appear at the trial.

The justice decreed against the husband for the counsel fees and costs (with interest) in the separation suit, $943.39; advances to the wife and interest, $1,179.57; his untaxable disbursements and interest, $184.42; services and liability to the Boston lawyers in the Massachusetts action, $1,150; and for services on the contempt motions and appeal from order, $468.40—a total of $3,925.78. The claim for services as counsel in the divorce action, in which all costs and alimony had been paid on the termination of that suit, was, however, disallowed.

[1] Both the plaintiff and Mr. Woolworth have appealed. In support of plaintiff's appeal, it is urged that the services to the wife in defending and preserving the marital relation are to be fully recompensed, and are not limited to the counsel fees awarded in the particular case. Plaintiff cites Horn v. Schmalholz, 150 App. Div. 333, 134 N. Y. Supp. 652. There legal services were rendered after final judgment, for which no counsel fees had been judicially fixed or directed to be paid. Where, however, the court awards a counsel fee to enable a wife to defend, or to maintain, a divorce action, the compensation is then and there determined, not only for the attorney of record, but for the counsel whom she may retain. As this court intimated on the prior appeal, we discover no valid ground to impose a further legal liability upon the husband, who has paid the sums which the court has thus directed. Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222.

[2] Nor can the husband be sued under an alleged common-law liability for an alleged value of counsel's services over and above the stated counsel fee and her costs as taxed. As already held (153 App. Div. 293, 137 N. Y. Supp. 1071), subrogation to the wife's rights may be enforced upon proof of advances for necessaries to the wife, made upon the faith of the alimony. The proof here shows such an express subrogation agreement, and the testimony as to necessaries supplied, though not as full as might be, seems sufficient, as no evidence is offered in opposition.

[3] But in the Massachusetts action Mr. Bacon was not the attorney, and it does not appear that he has paid any sum to the Boston

lawyers, who, before the Massachusetts action could be closed, apparently recovered their costs, or were in a position to do so. After this settlement by his client, Mr. Bacon's remedy rests upon a lien on the judgment and recoveries which his client released. We do not find sufficient basis for such a lien for the untaxable disbursements, since they were not embodied in or secured by any judgment or decree.

From the judgment against Mr. Woolworth, therefore, should be disallowed the two items of untaxable disbursements, $184.42, and services and liability in the Massachusetts proceedings, $1,150, thus reducing the recovery to $2,591.36, and, as thus modified, the judgment is affirmed, without costs of this appeal to either party.

JENKS, P. J., and THOMAS and STAPLETON, JJ., concur. CARR, J., not voting.