LANYON'S DETECTIVE AGENCY, INC., Respondent, *v.* JOHN COCHRANE, Appellant, Impleaded with EMMA E. COCHRANE, Defendant.

First Department, November 14, 1924.

**Husband and wife — action for services rendered by detective agency in shadowing husband — liability of husband — action for separation was commenced before services of detective agency were engaged — wife's lawyer told detective agency that it would have to look to husband for pay — complaint in separation action alleged facts that were subsequently verified by detective agency — answer in that action put in issue all allegations — judgment was obtained in separation action without trial — court properly submitted to jury questions whether services were rendered on husband's credit and whether services were " necessaries "— jury was justified in finding for plaintiff on both questions.**

In an action by a detective agency to recover for services rendered in shadowing a husband, one of the defendants, and in conducting an investigation of his acts and conduct at the request of the wife, the court properly submitted to the jury the questions whether the plaintiff's services were rendered on the credit of the husband and whether those services constituted " necessaries " and the jury was justified in finding in favor of the plaintiff on both issues, since it appears that prior to the time when the plaintiff was engaged, the wife had commenced an action for separation in which she alleged facts that were subsequently verified by the plaintiff; that the allegations in the complaint were based on confessions made by the husband to the wife; that the wife's attorney told the plaintiff at the time its services were engaged that it would have to look to the husband for pay although the plaintiff's president testified that it was not informed of that until about a month after its services were engaged; that the husband interposed an answer in the separation action placing in issue all the material allegations of the complaint, but a judgment was secured without trial, upon the stipulation of the husband that a judgment might be entered on the ground of abandonment; and that the detective agency actually rendered the services for which it is seeking to recover.

The fact that the services were not actually necessary in view of the subsequent proceedings in the separation action in which a judgment was granted without opposition by the husband, does not determine whether such services constituted " necessaries," since it was impossible for the wife or her attorney to know at the time the plaintiff's services were engaged that they would not be necessary to obtain the relief sought in the separation action.

DOWLING and SMITH, JJ., dissent.

APPEAL by the defendant, John Cochrane, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 12th day of December, 1923, affirming a judgment of the City Court of the City of New York in favor of the plaintiff, with notice of intention to bring up for review the judgment of the City Court of the City of New York entered in the office of the clerk of said court on the 14th day of June, 1923.

*Hatch & Clute [Harold N. Whitehouse* of counsel; *Maurice W. Clarke* with him on the brief], for the appellant.

*Ralph K. Jacobs [Abraham Wilson* of counsel], for the respondent.

MERRELL, J.:

The action was brought by the plaintiff against the appellant and Emma E. Cochrane, the wife of the appellant, to recover for services rendered by the plaintiff as a private detective in shadowing and conducting an investigation of the acts and conduct of the defendant, appellant, during a period from about October, 1921, to on or about the 20th day of February, 1922, and in connection with an action then pending for a separation wherein the said Emma E. Cochrane was plaintiff and the defendant, appellant, was defendant. There were two trials of the present action in the City Court. On the first trial the jury found a verdict for the amount claimed by the plaintiff against the defendant, appellant, which verdict was set aside by the justice presiding at the trial. Upon the present trial the jury found the aforesaid verdict against the defendant, appellant, and by their verdict found in favor of the defendant Emma E. Cochrane. Judgment was entered in the City Court in favor of the plaintiff and against the defendant, appellant, and therefrom an appeal was taken to the Appellate Term, which unanimously affirmed the judgment of the City Court. This appeal is from the order and determination of affirmance of the Appellate Term.

The cause of action set forth in the complaint arises out of a claim by the plaintiff for detective services and disbursements incurred in shadowing the defendant, appellant, after the latter had confessed to his wife, the defendant Emma E. Cochrane, his infatuation for another woman and upon his declaration that he did not intend again to live with his said wife, and suggesting a divorce. Under the authority of sections 211 and 213 of the Civil Practice Act the plaintiff joined both the husband and wife as parties defendant. The theory of the plaintiff upon which a recovery has been had from the defendant, appellant, was that the services rendered to the wife in shadowing her husband were necessaries in that they were needed for her protection and support and that the wife pledged her husband's credit therefor. The plaintiff also in its action sought a recovery from the defendant Emma E. Cochrane upon her employment of the plaintiff and an implied promise on her part to pay for the plaintiff's services and necessary disbursements. By paragraph 11 of the complaint the plaintiff alleges doubt as to the person from whom he was entitled to recover and that both defendants are joined

in the action with the intent that the question as to which of the defendants was liable, and to what extent, be determined as between the parties. Upon the trial the defendant, although present, did not testify, nor was any testimony offered in defense of plaintiff's claim. Counsel for the defendant, appellant, conceded upon the trial that the defendant, appellant, was in fact shadowed by the plaintiff and its operatives at the time and place charged in the bill of particulars herein, and that the prices charged for such services and disbursements were fair and reasonable in amount. The questions at issue, therefore, were as to whether or not the services rendered by the plaintiff were necessaries and required for the protection, comfort and support of the appellant's wife, and as to whether such services were rendered by the plaintiff upon the credit of the defendant, appellant. These questions under the testimony were submitted to the jury by the court as questions of fact and were by the jury resolved against the defendant, appellant. Upon the trial the defendant Emma E. Cochrane was sworn in behalf of the plaintiff and testified as to the marriage of herself with the defendant, appellant, at the city of Chicago nearly twenty-one years prior to the trial; that one daughter was born of said marriage, who would be twenty years of age on the day following the giving of the testimony by said defendant. Mrs. Cochrane testified that at the time of the trial she was not living with her husband, but had separated from him; that they first separated about five years before the trial, but two years later had become reconciled and resumed their marriage relations. At that time the defendant, appellant, was a salesman engaged in selling a machine or device known as a measurograph. The parties then resided in the city of Chicago and were in rather straightened circumstances. The defendant Emma E. Cochrane received from her husband substantially $20 a week for the support of herself and her daughter. This she supplemented by keeping boarders. After the reconciliation of the parties they came to Jamaica, L. I., to reside where they lived for two or three years. The defendant, appellant, about that time changed his business and became connected with the National Surety Company in which he prospered and the parties were enabled to take more pretentious apartments. An apartment was engaged at $150 a month in a house then in course of construction. At the suggestion of the defendant, appellant, Mrs. Cochrane and her daughter went on a pleasure trip to California in June, 1921. Soon after reaching California she received a telegram from her husband requesting that the wife and daughter remain in California for six months or a year and suggesting that the change would be nice for them and that he would be unable

to be home much of the time owing to his business engagements upon the road. Shortly thereafter Mrs. Cochrane returned from California, but did not receive a cordial welcome from her husband. He first took her and her daughter to the Pennsylvania Hotel where they remained a short time, the defendant, appellant, conferring slight attention upon them and only visiting them occasionally. They remained at the hotel about a month and then went back and forth to Jamaica furnishing the apartment which had been rented there. The defendant, appellant, paid the bills for the furnishing but visited his wife and daughter only two or three times and bringing only one suit of clothes to the apartment. In the apartment the defendant, appellant, occupied his own room and on the few occasions when he went to Jamaica left in the morning before his family were up. In October the wife consulted Robert H. Elder, and employed him as her lawyer to bring an action against the defendant, appellant, for separation. It was in connection with the prosecution of this action that the services of the plaintiff were rendered. Mrs. Cochrane testified that she left everything with Mr. Elder after disclosing to him fully her past relationship with her husband, and that Elder had employed the plaintiff in her behalf.

The plaintiff's president, John Lanyon, testified upon the trial that he was first consulted by Elder, for whom he had had hundreds of cases while Elder was district attorney and in connection with his private practice, and that Elder told him he wished him to handle a case in behalf of a client, a Mrs. Cochrane, and that her husband, John Cochrane, had apparently left her and her daughter after telling her he was in love with another woman, and he wanted to find out whether there was any other woman in the case, and if so, who she was, how long it had been going on, and how far their affections were engaged, judging from their actions. As to this employment Elder testified that he told plaintiff's president something of the case that he had in hand, Mrs. Cochrane's case, and told him of the work of investigation he wanted done, and told him of the line of inquiry that he wished him to conduct, and asked him if he could undertake the work and how much of a job it would be and how much he would charge and they spoke of who would be responsible for the bill, and Elder testified: " I told him that Mrs. Cochrane would not have the money to pay him, that she would be unable to pay him, and that he would have to look to Mr. Cochrane for remuneration for his services."

Lanyon testified that there was no conversation with Elder as to whom he was to look to for his pay; that as a matter of fact he

38

looked to Elder to get the money, but not necessarily from Mrs. Cochrane. He denied that Elder told him at the time of his retainer that he would have to look to Mr. Cochrane for his money, but that later on, about a month after the engagement, Elder had told him that he would have to look to Mr. Cochrane for his money.

Evidently the jury gave credence to the testimony of Elder. The court submitted to the jury as a question of fact whether or not the services of the plaintiff were rendered under the circumstances upon the credit of the defendant, appellant.

Upon the question as to whether or not the services rendered by the plaintiff were a necessary and were required for the comfort, protection and support of the defendant, I think the testimony was sufficient to present a question of fact as to that for the determination of the jury. At the time these services were rendered the defendant Emma E. Cochrane had brought an action for a separation against her husband. In her complaint at great length she sets forth facts and circumstances showing her abandonment by the defendant, appellant. She also sets forth in her complaint allegations showing acts of misconduct on the part of the defendant which if true would have entitled her not alone to a separation, but to an absolute divorce from her husband. The allegations of the complaint of Mrs. Cochrane set forth at length the particulars of the past life of the parties, the entry into their life of another woman, and the confession of the defendant, appellant, of his infatuation for the other woman, his pleadings with his wife to allow him a year of contact and intercourse with the other woman to discover whether or not it was merely an infatuation which he had for the woman, and if so then he would return to his lawful wife and daughter and live with them; that if it should turn out that the infatuation which he bore for this other woman was sincere and reciprocated, then a divorce would be granted between the husband and wife; that he stated to his wife that in an effort to cure him of his infatuation he was taking Christian Science treatment, but it was apparently of no benefit to him. Innumerable cases of adultery are set forth by the wife in her complaint charging her husband with keeping this woman and living with her in adulterous intercourse. Under such circumstances the question is presented whether or not in order to enable the wife to prosecute her action and for her protection it was necessary for her to employ the services of the plaintiff. If it was, then the plaintiff was entitled to recover. The question was submitted to the jury by the trial court as a question of fact for their determination, as to whether or not the services of the plaintiff were a necessary and were required for the protection of the wife. As before stated,

the defendant, appellant, did not take the stand at the trial nor did he deny that he told his wife he was in love with another woman or of his infatuation for her. Subsequently by the consent and appearance of the defendant, appellant, in court judgment was rendered against him for a separation because of his abandonment of his wife. At the time of the rendition of the services of the plaintiff the wife was uninformed as to the course that the separation action would take. The defendant, appellant, had interposed an answer practically placing at issue every allegation of his wife's complaint. The testimony of the plaintiff's president and one of his operatives which was undenied by the defendant, appellant, was that on several occasions when the defendant, appellant, was being shadowed, he was found with his inamorata and that they occupied on several nights an apartment on Eighty-fourth street. Plaintiff's president testified that shortly before the trial of the separation suit he called upon the defendant, appellant, at his office and without divulging his name, plaintiff's president told him he was a friend of the appellant's wife and that he then told the defendant, appellant, of his known relations with the young woman, to which the defendant, appellant, replied that he did not believe he had done anything wrong with the girl or that he had any wrong to right; that she was a wonderful woman and a charming companion.

By reason of the knowledge gained by Mrs. Cochrane through the services of the plaintiff she was enabled to secure protection to her person and to obtain relief through the separation action which she had brought and to obtain an allowance therein of $8,000 per year for her support. It is extremely doubtful whether she would have obtained the relief in her action except for the rendition of the services of the plaintiff. Under such circumstances I think the jury was justified in finding that the detectives' services were a necessary, and under the testimony of Elder that they certainly were justified in finding that the wife through Elder, her attorney, had pledged her husband's credit, and that the jury was also justified under the testimony in finding that the husband had not made sufficient provision for his wife to pay for such services as were thus rendered necessary by his conduct. If the services of the plaintiff were necessary for the protection of the wife of the defendant, appellant, then clearly she had a right to pledge her husband's credit therefor. (1 Bishop Mar. & Div. [6th Rev. ed.] § 551, p. 433; 2 Bishop Married Women, § 403; *Naumer* v. *Gray*, 28 App. Div. 529; 2 Clark Cont. § 1135.) I think the court in this case properly submitted to the jury two questions of fact: *First*, upon whose credit was plaintiff's service rendered; and, *second*, were

the services "necessaries?" Upon both of these questions the jury found for the plaintiff and against the defendant, appellant. As to the necessity for the rendition of the services in the prosecution of the separation action, it appears very clearly from the testimony that the separation action was successful through information obtained through the efforts of the plaintiff. In the complaint in the separation action the same facts are set forth as those which were learned by the plaintiff herein and communicated to the defendant Emma E. Cochrane. Taken in connection with the concession of the appellant that he was shadowed by the plaintiff's detectives at the time in question and at the place in question, and that the prices charged are fair and reasonable, the jury were certainly justified in finding that the successful maintenance of the separation action was dependent upon the rendition of plaintiff's services. As to the suggestion that the services were not necessary, inasmuch as the separation action did not proceed to trial, it is sufficient to say that neither the wife nor her attorney could have known in advance what course the action would take, either as to the answer of the defendant or his opposition to plaintiff's obtaining the relief which she sought. The fact that the defendant, appellant, stipulated judgment upon the trial in his wife's favor for abandonment is of no importance upon this question as it occurred subsequently to the retainer of the plaintiff. The answer in the separation action put in issue the allegations of the wife's complaint and therein the husband attempted to place an innocent construction upon his relations with the young woman with whom the plaintiff had charged his misconduct and for whom he had confessed his infatuation. In his answer, among other things, the defendant, appellant, alleges: "That during the absence of Miss Hazel Hobson [the young woman in the case] from New York city and at her special request, he engaged a room for her at the Netherlands Hotel." It would, therefore, seem that the court very properly submitted to the jury the question as to whether or not the services were necessaries as one of fact and properly refused to hold as matter of law that such services were not necessaries.

The claimed liability upon which a recovery has been had finds support in the court decisions of England and in this State. Under the law of England, payments made to a detective for procuring evidence have been held a legal charge against the husband, and a solicitor incurring such expense was held entitled to recover therefor against the husband. (2 Bishop Mar., Div. & Sep. § 973.) In *Naumer* v. *Gray* (*supra*) the action was by the attorney for the plaintiff, wife, to recover of the defendant, husband, the value of legal services in the institution and prosecution of an action

against the husband by the wife for a separation upon the ground of cruel and inhuman treatment, and it was there held that upon affirmative proof by the plaintiff that the suit was for the protection and support of the wife and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper, a recovery could be had. In *Naumer* v. *Gray* (*supra*) the opinion of the Appellate Division was written by Mr. Justice CULLEN, and in the course thereof the learned justice said: " This action is brought to recover the value of legal services rendered to one Mary C. Gray, the wife of the defendant, in the institution and prosecution of an action by her against the defendant for a separation upon the ground of cruel and inhuman treatment. The trial court held that such an action could not be maintained, and dismissed the complaint, and from the judgment entered on that decision this appeal is taken. It is conceded by both learned counsel that, under the law in England, a solicitor who, in good faith and on probable cause, carries on or defends a wife's divorce suit with her husband, can recover at law of him compensation for his services; and this doctrine, originally established in actions for separation, has been extended to suits for dissolution of marriage. * * * The only authority on this question in New York is that of *Phillips* v. *Simmons* (11 Abb. Pr. 287), where Mr. Justice BONNEY, at Special Term, held that the action would not lie. * * * I think that a careful examination of the decided cases in this country will show that, while an action like the present cannot be maintained where the services were rendered in an action for divorce, it will lie where the action was for separation only."

After reviewing a large number of cases, Mr. Justice CULLEN proceeded: " From this review of the cases in which the liability of the husband for services rendered to the wife in matrimonial actions has been denied, it will be seen that they were cases of absolute divorce, and that the decisions in all of them, except that in the Massachusetts case, proceed on the ground that the purpose of the actions is to dissolve the marital relationship, and not to protect or support the wife in her condition as such; which ground is wholly inapplicable to an action brought for a separation."

After a further review, Mr. Justice CULLEN says: " I think from this collation of the decided cases it may fairly be said that the weight of American authority is in favor of the maintenance of an action like the present. To succeed in it the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper. The remedy afforded the plaintiff to obtain in the divorce action alimony and

counsel fees does not preclude the maintenance of this suit. In England it would seem that not only is such a remedy not exclusive, but that the solicitor may, in addition to the amount awarded him as counsel fees or expenses, recover of the husband such further sums as would be properly chargeable between the solicitor and his client. (2 Bish. Mar., Div. & Sep. § 973.) We should hesitate to accept such a rule, and be inclined to the opinion that, in case an application had been made in the divorce action and the court had therein determined the alimony and counsel fees to be awarded the plaintiff, such determination conclusively established the measure of the husband's liability. * * * However, no evidence was taken on the trial and it may be that there is no such point in the case, and, therefore, we do not assume to decide the question. The judgment appealed from should be reversed and a new trial granted."

Upon the same reasoning the services of the respondent herein may be said to have been necessary for the protection and support of the defendant, appellant's wife. When the same case was before the Appellate Division on a second appeal (41 App. Div. 361) Mr. Justice WOODWARD said: " On a former appeal this court held that this action could be maintained; that an action for separation, if brought in good faith, upon grounds sufficient to warrant such an action, was to be construed as a suit for the protection and support of the wife, and that the husband, under such circumstances, was liable for the fees and compensation of an attorney employed by the wife for the purpose of prosecuting the action. The action has since been tried upon the theory indicated by this court * * * resulting in a judgment of $100 for the plaintiff. The appellant urges that the motion to dismiss the plaintiff's complaint should have been granted, upon the ground that the action for a separation was still pending. In view of the fact that the defendant, in answering, alleges under oath that, ' the action for separation referred to in plaintiff's complaint was terminated by the voluntary return of the said May C. Gray to the defendant before trial of the action and before any order of the court had granted counsel fee and alimony therein,' it is not quite clear what right the defendant now has to urge this point. The complaint upon the trial of the action was amended to conform to the allegation of the defendant upon this point, and while it is true that there had been no formal discontinuance of the action, the voluntary return of the plaintiff in the action for separation to the defendant effectually put an end to the litigation, and the plaintiff in this action had no remedy through the ordinary channels. To have granted this motion would have closed the doors to this plaintiff as the action for a separation had passed beyond the control of the court, at

least for the purpose of compensating this plaintiff. We are of opinion that the plaintiff, having a cause of action, had a right to go to the jury upon the question of the value of his services. The fact that the trial court before whom the motion for alimony and counsel fees was made reached the conclusion that the plaintiff should have $75 is not controlling in this case, the order of the court never having been entered, and the action having been terminated by the plaintiff in the separation action. * * * The plaintiff was clearly entitled to some compensation, and, as there is nothing to indicate that the jury has failed in the discharge of its duty in the premises the judgment and order appealed from should be affirmed, with costs. All concured."

In *Horn* v. *Schmalholz* (150 App. Div. 333) it was held that an attorney for a wife after a final decree of separation in her favor who renders services for her by obtaining an increase in the amount of alimony allowed may recover the value of his services from the husband. This, because the final judgment of separation did not terminate the marital relation and the services rendered in obtaining the increase were for the protection and support of the wife in her subsisting marital rights. The attorney's right to recover of the husband is based upon the common law and is not dependent upon the statutory power of the Special Term to award a counsel fee.

From the foregoing authorities, I am of the opinion that the services of the plaintiff were necessary for the support and protection of the wife of the defendant, appellant, and that the determination of the Appellate Term and the judgment of the City Court should be affirmed, with costs.

CLARKE, P. J., and McAVOY, J., concur; DOWLING and SMITH, JJ., dissent.

Determination affirmed, with costs.