COUNTY OF YORK, A POLITICAL SUBDIVISION, APPELLANT, v. GAYLE L. JOHNSON AND A. JUNE JOHNSON, APPELLEES.

292 N. W. 2d 31

Filed May 6, 1980. No. 42785.

Vincent Valentino, York County Attorney, and Michael J. Murphy, for appellant.

Bailey, Polsky, Huff, Cada & Todd, for appellees.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and WARREN and FUHRMAN, District Judges.

PER CURIAM.

This was an action by the County of York, Nebraska, against the parents of Ricky A. Johnson to recover the amount paid by the county for the services of de-

fense counsel appointed by the court in *State v. Johnson*, 200 Neb. 760, 266 N.W.2d 193 (1978).

Ricky A. Johnson, who was then 17 years of age, was charged with first degree murder in the death of a York, Nebraska, police officer. The amended petition alleged that defense counsel had been appointed for him at public expense pursuant to his request. The theory of the action was that the services of a defense counsel was a necessary of life which had been furnished by the county and for which it should be reimbursed by the defendant's parents. In *Cobbey v. Buchanan*, 48 Neb. 391, 67 N.W. 176 (1896), this court held that it was a question of fact whether legal services furnished by a lawyer employed by a minor who had been ordered to return to the reform school for a violation of parole were necessaries.

The trial court sustained the defendants' general demurrer and dismissed the amended petition. The county has appealed.

Neb. Rev. Stat. § 29-1804.06 (Reissue 1975) provides for the appointment of defense counsel for an indigent defendant who is charged with a felony. Neb. Rev. Stat. § 29-1804.10 (Reissue 1975) provides for reimbursement of the county by the defendant in the event the court later finds the defendant is no longer indigent or that the initial determination of indigency was incorrect. There is no statutory provision for reimbursement by the parents of a minor defendant except Neb. Rev. Stat. § 43-205.06 (Reissue 1978), which refers only to proceedings in the juvenile court.

Generally, a cause of action exists for reimbursement from a parent for necessities supplied by a third person to the child. *Groner v. Davis*, 260 Md. 471, 272 A.2d 621 (1971); *Lawrence v. Cox*, 464 S.W.2d 674 (Tex. Civ. App. 1971); *In Re O*, 71 Misc. 2d 774, 337 N.Y.S.2d 138 (1972); 67A C.J.S. *Parent & Child* § 73 (1978).

Only a few states have dealt with the problem involved in this case. In California, the courts have upheld a statutory scheme where parents are required to reimburse the state if their minor child receives representation in juvenile cases by either the public defender or court-appointed counsel and the parents have the ability to pay private counsel. *In Re Ricky H.*, 2 Cal. 3d 513, 468 P.2d 204, 86 Cal. Rptr. 76 (1970). In that case the court pointed out that "[t]here exists substantial authority holding that counsel fees incurred on behalf of a minor child are in the nature of 'necessaries' for which the parents are liable." *Id.* at 521, 468 P.2d at 208, 86 Cal. Rptr. at 80.

A recent New York case held that parents may be responsible for the legal fees of their minor son who was involved in a paternity action. *Russo v. Haffner*, 100 Misc. 2d 841, 420 N.Y.S.2d 64 (Fam. Ct. 1979). In *Griston v. Stousland*, 186 Misc. 201, 60 N.Y.S.2d 118 (1946), an attorney sought recovery from a father for legal services rendered his 17-year-old daughter in connection with criminal charges. The father had obtained legal counsel for his daughter. However, in the course of the criminal proceedings, the daughter dismissed that attorney and retained counsel of her own choosing. In the *Griston* case, the court noted: "Legal services rendered to an infant, at her request, for her protection in connection with her prosecution for a criminal offense, are in the nature of necessaries for which the father, under appropriate conditions, may be held responsible." *Id.* at 60 N.Y.S.2d 119. The court held that it was a question of fact whether the father had provided appropriate legal assistance and had discharged the obligation imposed upon him by law.

Construing a statute requiring the court to prepare a transcript of the record for purposes of appeal at public expense for persons not having sufficient

means to do so, the Indiana Supreme Court tempered the statute's application to minors, stating: "A dependent child, whose parents are able to pay for his necessary expenses, is neither a 'poor person' nor a 'pauper.'" *State ex rel. Butler v. Allen Circuit Court*, 241 Ind. 627, 630, 170 N.E.2d 663, 665 (1960), *rev'd on rehearing on other grounds*, 241 Ind. 632, 174 N.E.2d 411 (1960). The court further pointed out that established law requires parents to provide necessary expenses for their dependent children, if they are able to do so. In that court's opinion, such expenses would seem to include the expense of legal services necessary in defense of a criminal charge.

In *Serabian v. Alpern*, 284 Md. 680, 399 A.2d 267 (1979), the Maryland Court of Appeals reversed the decision of the District Court for Montgomery County, Maryland, Juvenile Division, which had awarded a counsel fee of $2,500 for legal services on behalf of a minor to be paid by the child's mother. Generally upholding such a right of action, the court noted:

> It has been held that legal services provided to a minor may, in some circumstances, be deemed "necessaries" for which a parent may be required to pay, *e.g.*, where they are reasonable and necessary for the protection or enforcement of the property rights of the minor or for his personal protection, liberty or relief.

*Id.* at 686-87, 399 A.2d at 271. However, the court also held that the fees were improperly assessed because the court did not inquire into the mother's eligibility for services of the public defender, nor did it inquire into the mother's willingness to provide legal services for her child. In addition, the lower court did not advise the mother that she could be held responsible for the legal fees.

In the *Serabian* case, the Maryland court noted

204

that the appropriate means by which to attempt recovery would be an action at law where the final determination would be a question for the fact finder, a question not actually before that court at that time. Although the *Serabian* case was not an action at law, the opinion establishes criteria by which the petition in the instant case may be tested.

Although the county alleged the defendants had consented to the appointment of counsel to defend Ricky, there was no allegation that the defendants had refused to provide legal services for him. Under the particular circumstances in this case, we believe the demurrer was properly sustained.

The judgment of the District Court is affirmed.

AFFIRMED.