DANAHY, Judge,
concurring specially.
I agree with the result but not the rationale of the majority. Rather than reversing on the basis that summary dismissal was inappropriate as a procedural matter because the foreign divorce decree and other facj,s and circumstances were not before the trial court, I would address the question posed by the complaint and its dismissal: Whether Morton F. Plant Hospital Association, Inc.’s complaint against McDaniel is subject to dismissal solely on the basis that McDaniel was obligated to pay child support under the foreign divorce decree. I would hold that it is not. In my view, the terms of the divorce decree are not relevant to the question whether the action is sustainable. The other facts and circumstances mentioned by the majority are relevant only to matters which McDaniel should raise by way of defense or denial.
Under Florida law, either or both parents of a minor child have a duty to provide reasonable and necessary medical attention for that child. Variety Children’s Hospital v. Vigliotti, 385 So.2d 1052 (Fla. 3d DCA 1980). There is no legal basis for the conclusion that an award of child support against the noncustodial parent in a divorce action terminates that obligation as far as the child is concerned.
The Court of Appeals of Kentucky expressed well the legal aspects of this situation in Parks v. Parks, 209 Ky. 127, 272 S.W. 419 (1925):
Infant children are neither parties nor privies nor the subject of barter. Their custody is not awarded the mother as a consideration, but because it is to their interest that this be done. Acceptance of their custody under such decree makes her primarily liable for their support and maintenance, but it does not absolve the father from his parental obligations. It cannot be doubted that, if under such circumstances the mother was unable to support the child, and necessaries were furnished to it by a third person, the husband would be reasonably liable therefor.
For instance, in dangerous illness, if the mother could not pay its necessary physician or hospital bills, can it be doubted that the father would be liable therefor?
Accord, County of York v. Johnson, 206 Neb. 200, 292 N.W.2d 31 (1980); Lawrence v. Cox, 464 S.W.2d 674 (Tex.Civ.App.1971); Smith v. Smith, 136 Ga. 531, 71 S.E. 869 (1911).
In short, I would reverse on the basis that Morton F. Plant Hospital Association, Inc.’s complaint sets forth a cause of action under Florida law. McDaniel may, of course, contest the question whether the services rendered by Morton F. Plant Hospital were in fact reasonable and necessary, and assert any defenses available to him.