STATE EX REL. PAPPAS *v.* BAKER, JUDGE.

[No. 26,448. Filed October 30, 1935.]

*Seth S. Ward,* for relator.

TREANOR, C. J.—Relator filed his petition for a writ of mandamus in this court showing that he had been found guilty of second degree murder in cause No. 68,930 in the criminal court of Marion county and sentenced by that court; that his motion for new trial was overruled by the Hon. Frank P. Baker, judge of that court, respondent herein, and that relator had excepted to that ruling. He further shows that time was granted

in which to file his bill of exception and that his petition to be permitted to appeal as a poor person was granted by the court. He further shows that he requested the Marion Criminal Court to make an order directing the reporter of that court to make and furnish him with a complete manuscript and transcript of the entire evidence taken in this cause and to direct in said order that the services of said reporter "shall be paid by the court or judge thereof out of the proper county treasury as provided by §1855, Burns' Annotated Statutes 1926, page 862."[1] The order so requested of the criminal court is attached to relator's petition in this court and marked exhibit A. Relator further alleges that the criminal court and the judge thereof refused to make and sign the order as requested, but instead made the following order:

"Order to Wm. Mahan to prepare transcript in above cause No. 68930, when and if County Council appropriates money to pay for same."

Upon the basis of the foregoing showing, and at petitioner's request, this court issued its alternative writ directing the respondent, as judge of the criminal court of Marion county, to order and direct the official court reporter of that court "to transcribe his shorthand

*Note 1.* "Any poor person desiring to appeal to the Supreme Court or Appellate Court of this state from the decision of any circuit court or criminal court, or the judge thereof, in criminal cases, and not having sufficient means to procure the longhand manuscript or transcript of the evidence taken in shorthand, by the order or permission of any of said courts, or the judge thereof, the court or the judge thereof shall direct the shorthand reporter to transcribe his shorthand notes of evidence into longhand, as soon thereafter as practicable, and deliver the same to such poor person: Provided, The court or the judge thereof is satisfied that such poor person has not sufficient means to pay said reporter for making said longhand manuscript or transcript of evidence, and such reporter may charge such compensation as is allowed by law in such cases for making and furnishing said longhand manuscript, which service of said reporter shall be paid by the court or judge thereof out of the proper county treasury." §4-3511, Burns' Ind. St. Ann. 1933; §1300, Baldwin's 1934; Acts 1893, ch. 33, §1, p. 32.

notes of the evidence taken in the above entitled cause into longhand, as soon as practicable, and deliver the same to the relator herein, the same to be used by said relator upon appeal, and further order that the expense of making said transcript be ordered paid out of the county treasury of Marion county," and further directing the respondent to show cause why such order of this court should not be made permanent. By his response filed in this court, the Hon. Frank P. Baker, as judge of the criminal court of Marion county, showed that he heard evidence upon relator's petition to be permitted to appeal as a poor person and that the court stenographer be ordered to prepare a transcript to be paid for out of the county treasury; further, that he made the finding and order as alleged in relator's petition. He also showed that the county council of Marion county has made no appropriation and that there is no fund out of which the court may order the cost of preparing the transcript to be paid. Respondent also averred that he heard the evidence, rulings made and instructions given by the court and is convinced beyond a reasonable doubt of petitioner's guilt and of the correctness of the rulings and instructions, and that there is no error in the cause. Respondent asks that the alternative writ of mandate be dissolved. No reply or further pleading was filed by the relator.

This court has held that the trial court's refusal to furnish a poor person with a longhand manuscript of the evidence is not ground for new trial and may not be the subject of a separate assignment of error upon appeal, but that the remedy in such a case is by "an application to this court for an order requiring the circuit court to furnish the transcript at the expense of the county on a proper show-

ing."[2] Consequently relator is seeking the proper remedy in coming to this court for a writ of mandamus.

The General Assembly has enacted that the services which the reporter may be required to perform under §4-3511, *supra*, "shall be paid by the court or judge thereof out of the proper county treasury." We do not think that the legislative purpose, as expressed in the statute, to enable a poor person, convicted in a criminal case, to present the merits of his appeal to the highest courts of this state, can be nullified by the failure of the county council to make an appropriation for the payments contemplated by this statute. We think it clear that if, upon the order of a trial court made pursuant to its finding, of facts as set out in the act, a court reporter performs the services therein referred to, he can, by appropriate proceedings, compel appropriation of the sum allowed by law for his services.

The General Assembly has provided that before furnishing a transcript upon request of a party, as authorized by §4-3505, Burns, etc., 1933, §1292, Baldwin's 1934 (Acts 1899, ch. 169, §5, p. 584), the reporter "may require payment for such transcript, or that the same be satisfactorily secured, before he proceeds to do the work required of him." But this section has no application to the situation wherein the reporter is directed by the trial court to furnish the transcript to a poor person as provided in §4-3511, *supra*. In the former case payment for the transcript is the liability only of the party requesting it; in the latter case it is a liability of the county.

The remaining question presented by relator's petition and the response thereto is whether a proper show-

Note 2. *Miller* v. *State* (1898), 149 Ind. 607, 624, 49 N. E. 894, 40 L. R. A. 109.

ing was made to the trial court so that that court ■ was required to direct the transcript to be furnished as requested. Under the statute (§4-3511, *supra*), it is clear that before a court can be required to direct the reporter to furnish a transcript of the evidence, a poor person desiring to appeal to the Supreme Court will have to show that he does not have "sufficient means to procure the longhand manuscript or transcript of the evidence taken in shorthand, by the order or permission[3] of the court or the judge thereof." But this court will not require a trial court to order the court reporter to prepare a transcript of the evidence upon a showing merely that the person seeking the transcript is without means. The purpose of the statute is to guarantee that no defendant's right of appeal shall be nullified by lack of means to procure a transcript of the evidence. But the trial court is not under an absolute duty to order the reporter to prepare a transcript of the evidence regardless of whether an appeal can be taken, or whether the evidence is material to a decision of the questions available upon appeal. While the statute provides that "an appeal to the Supreme Court or to the Appellate Court may be taken by the defendant as a matter of right, from any judgment in a criminal action against him"[4] it is well settled that an appeal can be taken only in the manner, upon the conditions and for the reasons named in the statute.[5] Under the statutes and the decisions of this

*Note 3.* At the time §4-3511, *supra,* was enacted, the statute provided for the appointment of a reporter to take down the evidence and note the proceedings "whenever, in the opinion of the judge presiding at the trial of a cause, the evidence ought to be so taken down and the proceedings so noted, or when the parties to the cause agree that the same shall be done." Acts 1881 (Spec. Sess.), ch. 89, p. 599.

*Note 4.* §9-2301, Burns' Ind. St. Ann. 1933; §2366, Baldwin's 1934; Acts 1905, ch. 169, §324, p. 584.

*Note 5. Vuckowich* v. *State of Indiana* (1929), 201 Ind. 194, 166 N. E. 771.

court a transcript of the evidence heard upon the trial is not necessary to present every question of alleged error which may be urged upon an appeal from the judgment of a trial court in a proceeding. Furthermore, while a transcript of the evidence may be necessary to present on appeal alleged errors occurring in the trial of a cause, it is also necessary that such alleged errors shall have been called to the attention of the trial court by motion for new trial or by other proper action before this court can consider and pass upon such alleged errors on appeal.[6]

The record now before this court upon relator's petition and the response thereto does not show that by furnishing relator with a transcript of the evidence he would have been able to present the merits of the cause tried in the criminal court of Marion county to this court upon appeal. It is not alleged that the judge of the criminal court of Marion county committed any error upon the trial of the cause which would afford grounds for an appeal to this court. Relator alleges that he filed a motion for a new trial, that the trial court overruled that motion and that an exception was taken to such ruling. Appellant has not set out the contents of his motion for new trial nor does he state the grounds relied upon in such motion. He does not allege that the trial court erred in overruling the motion for new trial. In short, he does not show that the merits of his appeal could be considered by this court even though a transcript of the evidence should be furnished to him. From all that appears, the trial court's refusal to re-

*Note 6.* Trial court's rejection of defendant's evidence: *Lucas* v. *State* (1910), 173 Ind. 302, 90 N. E. 305. Alleged misconduct of prosecuting attorney; *Pollard* v. *State* (1929), 201 Ind. 180, 166 N. E. 654; *Johnson* v. *State* (1929), 201 Ind. 264, 167 N. E. 531. Overruling plea in abatement; *Johnson* v. *State, supra.* Objections to instructions; *Cosilito* v. *State* (1926), 197 Ind. 419, 151 N. E. 429.

quire the reporter to make and furnish the requested transcript of the evidence may have been justified because either (1) the merits of the questions which relator had reserved to present upon appeal could be considered by this court without a transcript of the evidence; or (2) relator had presented no question of alleged error to the trial court under his motion for new trial, or by any other method, by which this court could review the merits of his cause upon appeal, even though he should be furnished with a transcript of the evidence.

As indicated by our foregoing discussion we are of the opinion that the statute in question requires a circuit or criminal court, or a judge thereof, upon a proper showing to order the court reporter to prepare a longhand manuscript or transcript of the evidence for the use of a defendant upon appeal and places upon the county the legal duty to pay whatever sum is allowed by statute for the work of the reporter. We assume that the phrase "shall be paid by the court or judge thereof out of the proper county treasury" means nothing more than that the judge shall verify the amount as a valid claim against the county. It would then become the duty of the county council to make an appropriation of such sum, if no fund theretofore appropriated for such purposes remains available.

We must conclude, however, in view of the petition and response, that relator does not make a showing sufficient to justify the issuance out of this court of a writ of mandamus requiring the Criminal Court of Marion County, the Hon. Frank P. Baker, judge, to issue an order to the court reporter to prepare a transcript of the evidence. It is well settled that this court will not issue a writ of mandamus if it is apparent that it will prove to be an ineffectual rem-

edy. *State ex rel. Lopez* v. *Killigrew* (1931), 202 Ind. 397, 174 N. E. 808. It is equally well settled that the relator must clearly establish his right to the relief demanded.

The alternative writ of mandamus heretofore issued out of this court in this cause is hereby dissolved and writ denied.