## COOK *v.* STATE OF INDIANA

[No. 27,549.   Filed November 3, 1941.   Rehearing denied November 28, 1941.]

*Owen S. Boling* and *Louis B. Ewbank,* both of Indianapolis, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* Deputy Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for appellee.

FANSLER, C. J.—The appellant was convicted of first degree murder and sentenced to life imprisonment. There was no appeal. Six years later appellant filed a petition for a writ of error *coram nobis.* To this petition the State filed a demurrer, which was overruled, and judgment was entered granting the petition, and a new trial was ordered. The State prayed an appeal. A few days later, and at the same term of court, the following memorandum was made in the court's bench docket: "State of Indiana withdraws pray for appeal and files answer in general denial. Hearing set for Feb. 14—1938," and on the same day an order was

entered on the order book to the effect that the prosecuting attorney "now prays the court to withdraw the judgment heretofore entered in this cause which judgment is now by the court withdrawn," and further that the State asked to withdraw the prayer for appeal, which was granted, and that the State filed answer in general denial, which answer is set out in full in the order book, and that: "The court notes the filing of the Respondent's answer in general denial and upon the issues thus formed sets the cause down for trial, on the 14th day of February, 1938." The order book was signed by the special judge then presiding. Afterward the State procured a change of judge. At a subsequent term the appellant filed a motion for a *nunc pro tunc* entry "correcting the Jennings Circuit Court Civil Order Book Entry Record in said cause to correspond with the Minutes of the Court in said cause as the same now appear and have appeared upon the Jennings Circuit Court Criminal Docket Book in said cause herein, which said Minutes of said Court are true, correct and complete in all respects . . . ." The purpose of the proposed *nunc pro tunc* entry was to strike out that part of the order book entry above referred to which set aside the judgment sustaining the petition for a writ of error *coram nobis* and granting a new trial. Affidavits were submitted as evidence in support of this motion, and the motion was denied. This appeal is from the action of the court in denying the motion to change the record *nunc pro tunc.*

The parties agree that the record may only be changed after term *nunc pro tunc* upon evidence "consisting of some written memorial or record, but that when the fact that a judgment was rendered, or some other action taken, is so established, parol proof may be resorted to for the purpose of showing the

character, terms, and conditions of the action taken." *Illinois Pipe Line Co.* v. *Fitzpatrick* (1934), 207 Ind. 1, 5, 188 N. E. 771, 772. The controversy is as to the sufficiency of the evidence, which the appellant claims conclusively shows that he is entitled to the relief prayed.

The affidavit of the special judge who made the order is to the effect that he approved the entry in advance, and afterward signed it upon representation of the prosecuting attorney that it had been approved by defendant's attorney; that he did not read the entry, and did not know that it contained the clause setting aside the judgment granting a new trial upon petition for writ of error *coram nobis*. In his affidavit it is recited that he made the following minutes in the bench docket: "State of Indiana withdraws prayer for appeal and files answer in General Denial to Petition for Writ of Error Coram Nobis. Hearing set for February 14— 1938." The attorney for the defendant in his affidavit says that he was in court when the minutes were made upon the bench docket, and that he looked at the minutes made upon the docket, which were as follows: "State of Indiana withdraws prayer for appeal and files answer in General Denial to Petition for Writ of Error Coram Nobis. Hearing set for February 14—1938." The affidavit of the special judge discloses his understanding that orderly practice would not permit of the State filing an answer in general denial to the petition for a writ of error *coram nobis* after judgment granting the petition had been entered unless the judgment should be first set aside.

The appellant does not contend that the minutes in the bench docket contradict, or are inconsistent with, the order book entry in any respect except that the minutes fail to show that the judgment was

set aside. But the minutes do show the filing of an answer in general denial to the petition, which would not be permitted in ordinary practice unless the judgment had been set aside. The fact that the filing of an answer was permitted is some evidence that the court intended to make an order setting aside the judgment. The court speaks by its record, which is the order book. Order book entries do not depend for their validity and stability upon memoranda entered in the bench docket. It is true that when action is taken, a record of which is omitted from the order book, minutes in the bench docket may be the basis for establishing that the order was made and the means by which it may be procured to be entered *nunc pro tunc,* and when an entry on the order book is inconsistent with minutes made at the time the order was made, the minutes may be the basis for a correction. The minutes here in question furnish no support for the contention that the court did not order the judgment set aside, but are entirely consistent with such an order. If there had been no evidence before the trial court except the order book entry and the minutes in the bench docket, there would clearly be no evidence whatever that the court had not ordered the judgment set aside, and an order changing the record would rest entirely upon parol evidence. If it is made to appear by some written memorial or entry that there is error in the record, parol proof may be resorted to for the purpose of showing the character, terms, and conditions of the true action taken. *Illinois Pipe Line Co.* v. *Fitzpatrick, supra.* But where the written memorial relied upon, the bench docket minutes, does not disclose error in the record, parol evidence will not be considered.

Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 63.