STATE EX REL. CUTSINGER *v.* SPENCER, JUDGE

[No. 27,634. Filed November 7, 1941.]

150

*James Cutsinger,* pro se.

FANSLER, C. J.—This is an original action seeking a writ mandating the respondent to order prepared and furnished to the relator "a duly certified copy of the affidavit, Indictment, verdict of the Jury, judgment of sentence imposed, and all evidence and testimony introduced before the trial Jury, etc.," in a case in which the relator was convicted of murder. The date of the judgment of conviction is not disclosed, but it appears that the relator is confined in the Indiana State Prison at Michigan City.

The petition discloses that the relator desires to use the record in connection with a petition for a writ of error *coram nobis* which he intends to file in the Vanderburgh Circuit Court seeking to have the judgment against him vacated. He relies upon *State ex rel. Pappas* v. *Baker, Judge* (1935), 209 Ind. 25, 197 N. E. 912, as authority supporting his right to have the transcript of the record furnished him. But that case merely decides that § 4-3511, Burns' 1933, § 1300, Baldwin's 1934, requires that the trial court, upon a proper showing, shall cause a longhand manuscript or transcript of the evidence to be furnished to a defendant, at the expense of the county, to be used upon an appeal to this court for a review of the proceedings in the trial court for error. There is nothing in the statute which provides for or requires the furnishing of a transcript of the record or the evidence after final judgment and after the time for an appeal for review for error has passed.

In *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. (2d) 129, we held that under

Section 13 of Article 1 of the Constitution of Indiana the court is required to furnish a pauper defendant with a record which may be used to support an assignment of error on appeal, and furnish him with counsel to perfect an appeal, all at the expense of the county. This was upon the theory that due process requires a fair trial, free from prejudicial error, and the right to a review to correct errors.

But after there is a final judgment unappealed from, and the time for asserting error has passed, the criminal prosecution in which the accused is entitled to be heard by himself and counsel is terminated, and the constitutional provision is no longer operative. " 'The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication, made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court.' " *Sanders* v. *State* (1882), 85 Ind. 318, 326. It has been said that the petition is in the nature of a motion for a new trial, but it seems that the only similarity is that, like a motion for a new trial, the result sought is a new trial, and that, in considering the evidence brought forward to sustain the motion, the court will take cognizance of and consider the entire record of the original trial. Until a person accused of crime has been convicted upon a trial free from error which prejudices his substantial rights, it may be said that he is presumed to be innocent and continues to be merely "the accused" person referred to in Section 13 of Article 1 of the Constitution. After he has been convicted, and the judgment has become final, and it has been determined upon appeal that there was no prejudi-

cial error in the trial, or when the time is past and the right to a review for error has been waived, the defendant is no longer "the accused," and the "criminal prosecution (s)" is ended. He then stands convicted, and must be presumed to be guilty unless and until he procures the judgment to be vacated. In the prosecution the burden is upon the state to prove that he is guilty of the charge, and the Constitution requires that he be afforded ample means with which to defend himself. After the judgment becomes final, the burden is upon the judgment defendant to establish facts which justify setting the judgment aside.

"The proceeding under a writ of coram nobis or coram vobis is regarded as civil in its nature, and sometimes as part of the proceedings in the case to which it refers, and sometimes as in the nature of a new adversary suit." 31 Am. Jur., § 799, p. 322. The statement that it is sometimes a part of the proceedings in the case to which it refers seems to be made upon authority of *Berry* v. *State* (1930), 202 Ind. 294, 173 N. E. 705, 72 A. L. R. 1177. In that case the statement was made upon authority of *Partlow* v. *State* (1922), 191 Ind. 657, 658, 134 N. E. 483, 484, where it is said: "The application for either writ, as a matter of practice, always has been, and must now be, a part of the proceeding of the case to which it refers; and in regard to the writ *coram nobis* must be filed in the court that rendered the judgment." No authority is cited. The only question before the court in the Partlow case was whether the petition for the writ would lie in the trial court while the record rested in this court on an appeal. In both of the cases referred to the pertinent statement was that the petition must be filed in the court that rendered the judgment. The question of whether the proceeding was a part of the criminal case or a separate

action, civil or equitable in nature, seeking relief from the final judgment, was not involved, and it may be assumed that it was not fully considered by the court.

In *Carman et al.* v. *State* (1935), 208 Ind. 297, 196 N. E. 78, we said that the proceeding is not a criminal prosecution, and in *Quinn* v. *State* (1936), 209 Ind. 316, 198 N. E. 70, that a *coram nobis* proceeding is civil in its nature. To the same effect, see *State* v. *Ray* (1922), 111 Kan. 350, 207 P. 192. In *People* v. *Dabbs* (1939), 372 Ill. 160, 165, 23 N. E. (2d) 343, 346, it is said of their statutory motion which supplants the motion for a writ of error *coram nobis:* "Such motion or petition is the filing of a new suit and is civil in its nature. . . . This proceeding is not unlike a bill of review to have reviewed a decree in chancery." And in 24 Corpus Juris Secundum, pp. 144, 145, it is said: "A proceeding for a writ of error coram nobis or its statutory equivalent is in the nature of a new, civil suit, not unlike a bill of review to have reviewed a decree in chancery, . . ." The writ was first recognized by this court in *Sanders* v. *State, supra,* in which it is said that, under the facts, there had been in fact a fraud upon the court, and that (page 331 of 85 Ind.) : ". . . surely this entitles him (the petitioner) to some relief, and under the elementary maxim, that 'there is no right without a remedy,' there must be some power to grant relief, and some remedy by which it can be secured." It was concluded that the common-law writ of *coram nobis* was available. It is clear from the reasoning of the court in the Sanders case that the proceeding was considered to be not unlike a bill in equity to review a judgment or decree, and that it must rest upon similar grounds and be governed by similar principles.

It must be concluded that, under the great weight of reason and authority, the petition for the writ of error *coram nobis* must be considered a new proceeding, civil in nature, —— a remedy by which relief may be had from an unconscionable judgment. The proceeding is initiated by the judgment defendant, and, while it seeks to affect the judgment, and the jurisdiction to consider it is in the court rendering the judgment, it is not a writ of right, and the judgment stands final and presumptively conclusive until the burden of showing that it should be set aside is satisfied.

A petition for *coram nobis* is not based upon a contention that the judgment attacked is void. It concedes that it is valid upon its face, and that there is no error apparent upon the face of the record. No longer is the state seeking to deprive the defendant of his life, liberty, or property. He is not now "the accused" in a "criminal prosecution." It is he who is now seeking to deprive the State of Indiana of rights concerning his liberty which have vested in it by a judgment which must be presumed to have been procured by due course of law until he sustains the burden of overcoming the presumption. The petitioner is asking that the taxpayers, the State, be required to bear the expense of furnishing him with a certified record of the proceedings in the criminal case. We know of no constitutional provision that requires that the public shall bear any of the expense of the preparation or prosecution of the petitioner's action seeking to overthrow the judgment, nor of any statute requiring or authorizing the expenditure of public funds for such a purpose.

The petition is denied.

NOTE.—Reported in 41 N. E. (2d) 601.