**UNITED STATES ex rel. COOK· v.
DOWD, Warden.**

No. 9909.

United States Court of Appeals
Seventh Circuit.

Feb. 7, 1950.

J. Emmett McManamon, Attorney General of Indiana, Merl M. Wall, Charles F. O'Connor, Deputy Attorney General, for appellant.

William S. Isham, Fowler, Ind., for appellee.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

Petitioner Cook filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Indiana. Respondent filed a motion to dismiss which was granted June 24, 1948. Thereafter petitioner was granted leave to file an amended petition for a writ of habeas corpus. Respondent again filed a motion to dismiss, but this motion was denied. After respondent filed his return and answer a hearing was held, and on February 28, 1949, the court rendered its decision and ordered the petitioner discharged from custody.

Petitioner was convicted of murder in the Jennings Circuit Court of Indiana on July 23, 1931, and was sentenced to life imprisonment. At his trial he was represented by qualified attorneys of his own choice. The day following his conviction he was taken to the Indiana State Prison. Petitioner's attorneys filed a timely statutory motion for a new trial, which was denied. Under the law of Indiana as it existed at that time, petitioner had six months in which to perfect an appeal of his case to the Supreme Court of Indiana. The district court found that within such six months period, with the aid of other prisoners, Cook prepared certain appeal papers, including a notice of appeal, a praecipe for a transcript of the record, an assignment of errors, a motion to appeal in forma pauperis, and a request that the trial court appoint counsel to assist him on the appeal. He also prepared a "memory transcript" of the proceedings at his trial. Cook attempted to send these papers to the Jennings Circuit Court but was told by prison authorities that sending out such papers from the prison was against a prison rule. As a result the six months period expired and the papers thus prepared did not reach the court. Although the district court did not make a finding of the point, it was established by the evidence that after Warden Kunkle took charge in June, 1933, sending out legal papers from the prison was no longer restricted.

In October, 1937, petitioner filed a petition in the Jennings Circuit Court for a writ of coram nobis. After considerable complication, involving the sitting of at least three special judges, the petition was denied. During the course of these proceedings the matter reached the Indiana Supreme Court twice. Cook v. State of Indiana, 1941, 219 Ind. 234, 37 N.E.2d 63; State ex rel. Cook v. Wickens, 1944, 222 Ind. 383, 53 N.E.2d 630. In April, 1945, the petitioner filed a petition for habeas corpus in the Circuit Court of LaPorte County and in June of 1945 he filed a similar petition in the United States District Court for the Northern District of Indiana. Both petitions were denied. On appeal the ruling of the State court was affirmed by the Supreme Court of Indiana. State ex rel. Cook v. Howard, 1945, 223 Ind. 694, 64 N.E.2d 25, certiorari denied, Cook v. Howard, 1946, 327 U.S. 808, 66 S. Ct. 960, 90 L.Ed. 1032. In its opinion the Indiana Supreme Court stated, 223 Ind. at page 699, 64 N.E.2d at page 27: "If appellant has been denied the privilege of appealing his case, by the warden and employees of the prison where he is serving, until the time allowed by statute for an appeal has expired, that fact would not nullify the judgment lawfully rendered against him by the Jennings Circuit Court. It would merely extend the time for appeal during the period of such disability. In aid of its appellate powers and functions this court has both inherent and statutory power to entertain and determine a petition to appeal after the time allowed by statute therefor has expired, under the conditions set forth in paragraph one of appellant's complaint. * * *"

Thereafter petitioner filed a petition in the Indiana Supreme Court for a delayed

appeal in his case; this petition was denied and certiorari to the United States Supreme Court was again sought but denied.

When Cook sought to appeal to the Indiana Supreme Court in response to the invitation to do so, he attempted to support his allegations by filing various affidavits. No oral testimony was taken. The State Attorney General filed affidavits in opposition, and one of the petitioner's trial attorneys filed an affidavit that neither he nor his co-counsel had refused to perfect an appeal because petitioner was unable to pay for the attorney fees involved. In denying Cook's petition for appeal, the Indiana Supreme Court said, "The court having examined and considered said petition, the answer thereto, and petitioner's reply and all of said affidavits and being duly advised in the premises, finds that the basic allegation of said petition to wit: that petitioner's counsel refused, without pay, to take an appeal is not true; and that petitioner is entitled to no relief herein."

In a petition for rehearing Cook endeavored to stress the point that he had been denied the right to present his appeal papers by the prison authorities within the six months period, but the petition for rehearing was denied without further comment.

■ In a memorandum opinion accompanying its order of June 24, 1948, dismissing the petition for a writ of habeas corpus, the district court stressed the point that petitioner had not made a sufficient showing that the errors complained of were of a substantial character and that there was probable cause to believe a reversal would be obtained upon an appeal. However, on October 22, 1948, the district court permitted the filing of an amended petition for a writ of habeas corpus. A motion for dismissal was denied and the writ was issued, and shortly thereafter a hearing was held. In an opinion accompanying the order discharging the petitioner from custody, the court stated that on further reflection it was convinced that the probability of the petitioner's prosecuting a successful appeal is not a proper consideration in determining whether a writ should issue, and whether a discharge should be granted. We are in accord with this view.

Petitioner claims he was deprived of his liberty in violation of the equal protection clause of the XIV Amendment to the United States Constitution. He claims that the State of Indiana through its prison officials denied him the equal right afforded to all persons convicted of crime in Indiana to prosecute an appeal.

In the district court and in his statement of points on this appeal, respondent insisted that the district court had no jurisdiction of the cause of action. However, in his brief in this court respondent admits that the court had jurisdiction but argues that the issuing of the writ and the consideration of the case on the merits was an abuse of discretion by the trial court.

■ Respondent lays much emphasis on his claim that the Supreme Court of Indiana has passed on the merits of the present controversy, by denying the petition to permit a delayed appeal. Respondent insists that such denial is res judicata as to the present issues and obtains great comfort from the fact the United States Supreme Court refused to grant certiorari. He states, "The United States Supreme Court, by denying certiorari when this identical point was plainly set forth and reiterated, likewise decided against the Petitioner-Appellee."

The question raised as to res judicata, and the effect of the denial of the petition for certiorari, requires little discussion. The question before the Indiana Supreme Court, presented by affidavits, as to whether as a matter of grace it would permit the prosecution of a delayed appeal, is entirely different than the issues before the district court. We hold the principle of res judicata does not apply. Waley v. Johnston, 316 U.S. 101, 105, 62 S.Ct. 964, 86 L.Ed. 1302.

■ As to the effect of the denial of the petition for a writ of certiorari, the Supreme Court has emphasized time and time again that the merits of a case are

not decided upon the denial of such petitions. Wade v. Mayo, 334 U.S. 672, 680, 68 S.Ct. 1270, 92 L.Ed. 1647. As was stated by Justice Frankfurter in State of Maryland v. Baltimore Radio Show, Inc., 1950, 70 S.Ct. 252, 255, the denial of certiorari in a case might be for the reason "the decision may be supportable as a matter of State law, not subject to review by this Court, even though the State court also passed on issues of federal law." Surely the right of a State to open or close the doors of its Supreme Court for an appeal after the expiration of the statutory period is a non-federal matter. We hold there is no significance whatever as to the issues here before us in the denial by the Supreme Court of the petition for certiorari.

Respondent insists the rule is that federal courts interfere with the administration of justice in State courts only "in rare cases" presenting "exceptional circumstances of peculiar urgency."[1] If the quotation states a rule, it is not applicable here where there has been an exhaustion of State remedies. Ex parte Hawk, 321 U.S. 114, 117-118, 64 S.Ct. 448, 88 L.Ed. 572.

■■■ The Indiana State Constitution guarantees the right to appeal in all cases. Warren v. Indiana Telephone Co., 217 Ind. 93, 26 N.E.2d 399. A convicted defendant in a criminal case in Indiana may have his case reviewed regardless of the chance for a reversal. State ex rel. White v. Hilgemann, 218 Ind. 572, 34 N.E.2d 129; State v. Spencer, 219 Ind. 148, 41 N.E.2d 601. We hold that when petitioner was denied the right to appeal within the statutory period, he was deprived of a substantial right.

The situation in the case at bar is unusual in that the petitioner is not claiming he was deprived of any constitutional right during the trial or up to and including the judgment of conviction. We think, however, that he correctly claimed his detention became illegal by reason of events subsequent to his conviction. Graham v. Squier, 9 Cir., 132 F.2d 681, 683. In

Cochran v. Kansas et al., 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453, the petitioner alleged that officials at the State Penitentiary in enforcing prison rules suppressed appeal papers making it impossible for him to effect an appeal within the two year period allowed by the Kansas statute. The Supreme Court, recognizing that the equal protection clause of the XIV Amendment, U. S. Const., was violated if such charges were true, ordered 316 U.S. at page 258, 62 S.Ct. at page 1070: "* * * Since no determination of the verity of these allegations appears to have been made, the cause must be remanded for further proceedings."

■■■ Based upon substantial evidence herein, the district court found that petitioner was deprived by officials of the State of Indiana of his right to appeal his conviction. The court also properly found that the petitioner has exhausted his State remedies. Under the circumstances habeas corpus in the federal courts was and is his appropriate and only remaining remedy, for no corrective procedure is provided by the State, or, if afforded is not available. Ex parte Hawk, supra, 321 U.S. at page 118, 64 S.Ct. at page 450, 88 L.Ed. 572. The petitioner was arbitrarily deprived of a right secured to other persons convicted of crime in Indiana. This resulted in a denial of his constitutional rights under the XIV Amendment, U. S. Const. Whether he is guilty or innocent of the crime for which he was convicted largely upon circumstantial evidence, and incarcerated for 17½ years, is not material to the issue before us. In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499; United States ex rel. Kimler v. Ragen, Warden, 7 Cir., 147 F.2d 137.

■■■ Upon the oral argument before this court the attorney for respondent advanced a rather ingenious argument. He contended that conceding that petitioner was prevented during his incarceration during 1931, 1932, and up to June, 1933, from sending out his appeal papers, never-

1. Quotation from United States ex rel. Kennedy et al. v. Tyler, Sheriff et al., 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138.

theless after Warden Kunkle took charge the restriction was lifted. He argues that petitioner's right to send out the papers had merely been suspended prior to June, 1933, and that when he then did not apply within six months after the ban was lifted, he thereafter waived his right to claim a violation of the XIV Amendment. We think this contention is without merit. Petitioner testified that he did not know for a long period after the new warden was in charge that there had been any change in the rule, stating that he did not attend or hear of a meeting of inmates which some witnesses claimed was held. But, in any event, petitioner thought his six months for appeal had been irretrievably lost and continued in that viewpoint until the Supreme Court of Indiana made the announcement hereinbefore quoted. Under such circumstances we hold that petitioner did not waive his right to claim a violation of the XIV Amendment, U. S. Const.

■ We are of the opinion that under the findings of the district court, which we cannot disturb because they are based upon substantial evidence, the district court correctly entered the order. discharging the petitioner from custody. Hawk v. Olson, Warden, 326 U.S. 271, 274, 66 S.Ct. 116, 90 L.Ed. 61. Order affirmed.

KERNER, Circuit Judge, dissenting.

I cannot agree that a prisoner whose guilt was established by a regular verdict and who has made no contention that the judgment finding him guilty of murder was void, should escape punishment under the facts in this case.

Cook was convicted of murder and was sentenced to life imprisonment. On April 6, 1945, he filed a petition for a writ of habeas corpus in a circuit court of Indiana. In this petition he alleged that within six months after his conviction of murder he was prevented by the prison warden and prison employees from mailing or otherwise sending out his appeal papers, and that by reason thereof, he "has been and now is deprived of the equal protection of the law and his said imprisonment is in violation of said Fourteenth Amendment." The petition was denied by the LaPorte Circuit Court. On appeal, the judgment was affirmed, State ex rel. Cook v. Howard, 223 Ind. 694, 64 N.E.2d 25, and the United States Supreme Court denied certiorari. Cook v. Howard, 327 U.S. 808, 66 S.Ct. 960, 90 L.Ed. 1032.

On October 4, 1946, he filed a petition in the Supreme Court of Indiana for allowance of appeal from the judgment convicting him of murder. In this petition he again alleged substantially the same facts contained in his petition for habeas corpus. The court entertained the proceeding on its merits. True, no oral testimony was heard, but the parties submitted the question to the Supreme Court of Indiana upon affidavits, and that court, upon consideration of the affidavits, denied the petition. Thus, the court held that Cook's imprisonment for the crime of murder was not in violation of the Fourteenth Amendment. Cook, still claiming a violation of his constitutional rights, filed an application for certiorari in the United States Supreme Court, but it was denied. Cook v. Indiana, 330 U.S. 841, 67 S.Ct. 981, 91 L.Ed. 1287.

Based upon the same grounds alleged in his petition for habeas corpus filed in the LaPorte Circuit Court and in his petition for allowance of appeal filed in the Supreme Court of Indiana, Cook, on October 22, 1948, filed the present petition for a writ of habeas corpus. Under these circumstances I do not believe the District Court was justified in issuing the writ. Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, and Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647. I would reverse the judgment with directions to dismiss the petition.