STATE OF INDIANA ON RELATION OF WARD v. PORTER CIRCUIT COURT, CONOVER, SPECIAL JUDGE, ETC.

[No. 29,315. Filed November 22, 1955.]

*Meyer & Cagen,* of Valparaiso, for relator.

*William G. Conover, pro se.*

BOBBITT, J.—Relator was convicted on a charge of first degree arson and sentenced to the Indiana State Prison for a term of from 2 to 14 years. A motion for new trial was timely filed on May 9, 1955 and overruled on June 22, 1955. At the beginning of the trial relator requested the appointment of pauper counsel on the ground that he was destitute and without funds. The court appointed as pauper counsel the law firm of Meyer and Cagen who had theretofore represented relator in said proceedings as attorney of his own selection.

On June 30, 1955 relator filed a verified petition for an order requiring the reporter of the Porter Circuit Court to prepare and deliver a transcript of the evidence for use on appeal to this court, and stating that his status as a pauper had not changed and that he was without funds with which to pay for such transcript.

This petition was denied "on the ground that the court is not satisfied that defendant it a proper person within the meaning of the statute."

On July 18, 1955 relator filed in this court his verified petition for writ of mandate against respondents directing them to issue an order requiring the official reporter of the Porter Circuit Court to prepare, at the expense of the county, a complete transcript of the evidence taken at his trial. We issued an alternative writ. The remedy for refusal of a trial court to furnish a poor person with a transcript of the evidence is the application to this court for an order of mandate to the trial court. *State ex rel. Pappas v. Baker, Judge* (1935), 209 Ind. 25, 28, 197 N. E. 912.

The Acts of 1893, ch. 33, §1, p. 32, being §4-3511, Burns' 1946 Replacement, provide that any person desiring to appeal to the Supreme Court or Appellate Court of this state and not having sufficient means to procure a transcript of the evidence, the court shall direct the reporter to furnish the same, "Provided, The court or the judge thereof is satisfied that such poor person has not sufficient means to pay said reporter for making said longhand manuscript or transcript of evidence, . . . "

Whether the county shall, under this statute, furnish a transcript to a person desiring to appeal is a matter within the sound discretion of the trial court, and its decision thereon will not be disturbed except for an abuse of such discretion. This statute was construed in *State ex rel. Pappas v. Baker, Judge, supra,* and at p. 30 of 209 Ind. we said:

> "Under the statute (§4-3511, *supra*), it is clear that before a court can be required to direct the reporter to furnish a transcript of the evidence, a poor person desiring to appeal to the Supreme Court will have to show that he does not have 'sufficient means to procure the longhand manuscript or

transcript of the evidence taken in shorthand, by the order or permission of the court or the judge thereof.' But this court will not require a trial court to order the court reporter to prepare a transcript of the evidence upon a showing merely that the person seeking the transcript is without means. The purpose of the statute is to guarantee that no defendant's right of appeal shall be nullified by lack of means to procure a transcript of the evidence. But the trial court is not under an absolute duty to order the reporter to prepare a transcript of the evidence regardless of whether an appeal can be taken, or whether the evidence is material to a decision of the questions available upon appeal."

To establish his right to such relief appellant must not only show to the trial court (1) that he does not have sufficient means to procure a transcript but he much also show (2) that the merits of the questions to be raised on appeal cannot be considered without a transcript of the evidence, (3) that questions of error were presented to the trial court in his motion for a new trial by which this court could review the merits of the cause on appeal.

Upon a proper showing of these matters the trial court is required by the terms of the statute (§4-3511, *supra*) to order the court reporter to prepare a transcript of the evidence for the use of the defendant on appeal, and place upon the county the legal duty to pay the cost thereby incurred. *State ex rel. Pappas* v. *Baker, Judge* (1935), 209 Ind. 25, 32, 197 N. E. 912, *supra.*

We believe relator has made sufficient showing to invoke the aid of the statute (§4-3511, *supra*), and the trial court abused its discretion in denying his petition to have the county furnish him a transcript of the evidence in his case.

An examination of the record before us discloses: (1) that at the beginning of the trial respondent found

that relator was without funds to conduct his defense and appointed pauper counsel to represent him; and such counsel was paid from county funds on order of relator entered after the trial. In his verified petition relator stated that his financial condition remained that of a pauper, and that he was without funds with which to pay the expense of preparing a transcript. There is nothing in the record to show that relator's financial status has changed from the time of his trial to the date on which his petition for transcript was filed. If he was without funds with which to employ counsel and to conduct his defense at the trial, and there has been no change in his financial status since the trial, it may reasonably be inferred that, being confined to jail and unable to work since his trial, he would not have sufficient funds to procure a transcript of the evidence for use in the appeal of his case, there being nothing to the contrary in the record; (2) relator relies heavily upon the ground of newly discovered evidence[1] in his motion for a new trial. Since a motion for new trial on the ground of newly discovered evidence cannot be determined without a transcript of the evidence, *Bowling* v. *State* (1942), 220 Ind. 497, 44 N. E. 2d 171, relator has established that a transcript is necessary to present the questions to be raised on appeal; and (3) relator has presented the questions which he proposes to raise in this court on appeal in his motion for a new trial, hence all the requirements necessary to invoke the aid of the statute has been fulfilled and the trial court erred in denying relator's motion for an order to the reporter of the Porter Circuit Court to prepare a transcript, at county expense, to be used in the appeal of his case.

---

1. The newly discovered evidence consists of a sworn confession by a party who admits the commission of the crime for which relator was convicted and sentenced.

578

The alternative writ heretofore issued is hereby made permanent.

Emmert, C. J., Achor, Arterburn and Landis, JJ., concur.

NOTE.—Reported in 130 N. E. 2d 136.