STATE EX REL. NICHOLAS *v.* CRIMINAL COURT OF
MARION COUNTY, FAULCONER, JUDGE.

[No. 29,861. Filed November 19, 1959. Rehearing denied
January 5, 1960.]

*George T. Popcheff,* and *Marvin A. Poore,* both of Indianapolis, for relatrix.

*Edwin K. Steers,* Attorney General, and *John A. Pushor,* Deputy Attorney General, for respondent.

ARTERBURN, J.—The relatrix, Minnie Belle Nicholas, alias Connie Nicholas, has petitioned this Court for a writ of mandate to compel the lower court in which the relatrix was tried and convicted of voluntary manslaughter, to grant the relatrix the right to appeal as a poor person, at public expense. The trial court denied such a petition.

The evidence at the hearing before the trial court showed, among other things, that relatrix has some impairment of the left arm and hand as a result of an injury; that she is indebted in the approximate sum of $5000.00, consisting mainly of medical bills; that a few months prior to the hearing she had a 1955 Chevro-

let automobile and approximately $1500.00, all of which she gave to her sister; that she has left very little property, amounting to but a few hundred dollars at the time of the hearing. A part of the court's inquiry at the time was as follows:

> "*THE COURT:* The thing I am driving at. On June 23, 1959 you have approximately $1800.00 in the bank. You know your appeal is going to cost —even for the transcript $800.00 to $1000.00, and you have doctor bills totalling approximately $1000.00. You probably have some idea what the appeal would cost, as far as attorneys are concerned, if you have discussed it at all with your lawyers, and on June 23 you took the whole $1800.00 and applied $100.00 on money toward the transcript and paid none of the doctors and gave the rest of the money, plus a car, to your sister. Don't you feel an obligation to some of the bills you incur?
>
> "*A.* I certainly do.
>
> "*THE COURT:* You want the taxpayers to pay for your appeal when you have—you had $1800.00 in the bank, capable for paying for yourself?"

In *State ex rel. Ward* v. *Porter C. C., Conover Sp. J.,* (1955), 234 Ind. 573, 576, 130 N. E. 2d 136 we said:

> "To establish his right to such relief appellant must not only show to the trial court (1) that he does not have sufficient means to procure a transcript but he *much* also show (2) that the merits of the questions to be raised on appeal cannot be considered without a transcript of the evidence, (3) that questions of error were presented to the trial court in his motion for a new trial by which this court could review the merits of the cause on appeal."

A writ of mandate will not issue where a discretion is left to the Judge in the ruling or order for which

the mandate is requested. *State ex rel. Wise* v. ■ *Mar. Cr. C., Rabb, J.* (1956), 235 Ind. 447, 134 N. E. 2d 221.

No evidence was offered as to the approximate cost of the appeal in this case. The evidence does not exclude the possibility that the relatrix had or could have had funds sufficient for an appeal if she had not seen fit to voluntarily dispose of some of her property to her sister. The record is sufficient in this particular to sustain the trial court.

There is another reason for denying a pauper appeal in this case which arises in connection with a petition by relatrix for an extension of time to file an appeal in this court. In that petition she states she consulted with her trial attorneys as to taking an appeal and stated she would determine if she had sufficient assets with which to prepare the appeal "or whether it would be necessary to take a pauper's affidavit." She says: "thereafter on approximately the 16th day of June, 1959, said Petitioner-Appellant notified the attorneys to order the Bill of Exceptions containing the Evidence." The petition for extension of time further states:

> "that she will procure the balance of monies necessary to pay said Reporter for the Transcript in full and in addition will obtain the necessary funds to pay for the Transcript in full."

The evidence now shows that about a week later, on June 23rd, she turned over substantially all her assets to her sister.

After the extension of time for filing an appeal was granted by this court on the representations above, the record shows relatrix immediately requested the trial court for an order to furnish her a transcript on an appeal as a poor person, stating she had no funds for

that purpose. To put the matter lightly, there has been a lack of frankness and good faith demonstrated by the relatrix before the court. We cannot close our eyes to the entire record before us in this case in which relatrix seeks an appeal in this court.[1]

One who asks public charity in cases of this kind must come with clean hands, demonstrating complete frankness and fairness, making a clear case that there has been or is no attempt to unjustly cast upon the public a part or all of the costs to be paid in the appeal as a pauper. Any other rule of law applied to the acts of the relatrix in this case would invite all persons convicted of crimes to dispose of their assets by transfers to relatives and then compel the taxpayers to underwrite their expenses and costs of defense at trial and on appeal.

There was sufficient evidence to support the finding of the trial court. From the record in this case and the evidence, the trial court had an area of discretion in the denial of the petition to prosecute as a poor person, with which we have no right by mandate to interfere.

The petition for mandate is denied.

Achor and Landis, JJ., concur.

Bobbitt, J., concurs with opinion, in which Jackson, J. concurs.

## CONCURRING OPINION

Bobbitt, J.—I feel impelled to state briefly my reasons for concurring in the result of the majority opinion.

1. *State ex rel. Stanton* v. *Murray* (1952), 231 Ind. 223, 108 N. E. 2d 251; *In re Harrison, etc.* (1953), 231 Ind. 665, 109 N. E. 2d 722; *State ex rel. Steers, etc.* v. *Lake Criminal Court, etc.* (1953), 232 Ind. 443, 112 N. E. 2d 445; *Rooker* v. *Fidelity Trust Co., Trustee* (1931), 202 Ind. 641, 177 N. E. 454.

Acts 1955, ch. 253, §1, p. 647, being §3-2201, Burns' 1959 Cum. Supp., reads in part as follows:

". . . writs of mandate may issue out of the Supreme Court to the circuit, superior, criminal, probate, juvenile, conservancy district or municipal courts of this state, respectively, compelling the performance of any duty enjoined by law upon such [court]. . . ."

Acts 1911, ch. 223, §2, p. 541, being §3-2202, Burns' 1946 Replacement, reads as follows:

"The action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station."

Mandamus is an extraordinary writ which may be issued by this court only to compel the performance of a clear and absolute duty. *State, ex rel. Cassel* v. *Johnston* (1933), 204 Ind. 563, 570, 185 N. E. 278. It will be issued only in cases where the facts show a clear legal right on the part of the relator to the relief sought, and a clear legal duty resting on respondent (defendant) to do and perform the thing demanded. *State, ex rel.* v. *Foland, Auditor* (1921), 191 Ind. 342, 349, 132 N. E. 674; *McDonald* v. *State, ex rel.* (1931), 202 Ind. 409, 415, 175 N. E. 276; *State, ex rel.* v. *Wirt* (1932), 203 Ind. 121, 140, 177 N. E. 441.

Mandamus may not be used to control judicial discretion. *State, ex rel.* v. *Hall* (1921), 191 Ind. 271, 278, 131 N. E. 821; *State ex rel. Benson* v. *Superior Court* (1933), 205 Ind. 464, 468, 187 N. E. 203; *State ex rel. Tomlinson* v. *Jeffrey* (1952), 231 Ind. 101, 103, 107 N. E. 2d 1; *State ex rel. Beatty* v. *Nichols, Spec. J. etc.* (1954), 233 Ind. 432, 434, 120 N. E. 2d 407; *State ex*

*rel. Allison* v. *Criminal Ct. of Marion County, etc.* (1958), 238 Ind. 190, 149 N. E. 2d 114, 115.

While relatrix has pursued the proper remedy (See: *State ex rel. Ward* v. *Porter C. C., Conover, Sp. J.* (1955), 234 Ind. 573, 130 N. E. 2d 136), she has, nevertheless, failed to sustain her burden of showing that she was legally entitled to the relief sought and that it was the clear and absolute duty of respondent court to grant the relief which she demands.

This court recently held in *State ex rel. Grecco* v. *Allen Circuit Court* (1958), 238 Ind. 577, 153 N. E. 2d 914, 917, that

". . . the duty of the trial court to furnish to an indigent a transcript of the evidence without charge for use on appeal as provided by statute is not unconditional but a showing must be made to the trial court not only that (1) the accused does not have sufficient means to procure a transcript, but also (2) that the merits of the questions to be raised on appeal cannot be considered without a transcript of the evidence, and (3) that questions of error were presented to the trial court in his motion for new trial by which this court could review the merits of the cause on appeal."

In the above case relator had, by his verified petition for writ of mandate, made a prima facie case showing that he was a poor person desiring to appeal his case to this court and was without "sufficient means to procure the transcript."[1] No evidence was heard by the trial court and on the record before us in that case, the prima facie case was not rebutted. Under these circumstances relator was legally entitled to the relief sought and a clear and absolute duty under the statute,[1] rested upon respondents to grant the relief demanded. Hence, we granted the writ of mandate.

1. Acts 1893, ch. 33, §1, p. 32, being §4-3511, Burns' 1946 Replacement.

In *State ex rel. Ward* v. *Porter C. C., Conover, Sp. J., supra* (1955), 234 Ind. 573, 130 N. E. 2d 136, which was also a petition for writ of mandate to require respondent court to furnish to relator a transcript for appeal to this court as a "poor person," the trial court had found that relator was a "poor person" and provided him with counsel at his trial. The undisputed evidence showed that, at the time of the filing of his petition to be furnished a transcript at county expense, there had been no change in relator's (petitioner's) circumstances. Under this factual situation respondent in that case was legally entitled to the relief sought and there was a clear and absolute duty resting upon respondent court to grant the same. Acts 1893, ch. 33, §1, p. 32, being §4-3511, Burns' 1946 Replacement.

The present case is clearly distinguishable from the two cases mentioned above. Here relatrix has not only failed to show that she is legally entitled to the relief which she is seeking, but has also failed to show that there is a clear and absolute duty resting upon respondents to grant the relief which she demands.

For the foregoing reasons this then is not a case in which this court may issue a writ of mandate.

Jackson, J., concurs.

NOTE.—Reported in 162 N. E. 2d 445.