STATE EX REL. BUTLER *v.* ALLEN CIRCUIT COURT, SCHANNEN, JUDGE.

[No. 29,967. Filed December 7, 1960. Rehearing granted May 9, 1961.]

*Edgar A. Grimm,* of Auburn, for relator.
*William H. Schannen, pro se.*

Achor, J.—This is a verified petition for writ of mandate filed by the relator, asking this court to direct the Allen Circuit Court to furnish the relator a transcript and bill of exceptions to enable relator to appeal his conviction for armed robbery to the Supreme Court, as provided by §4-3511, Burns' 1946 Repl. [being Acts 1893, ch. 33, §1, p. 32].

The Honorable William H. Schannen, as regular judge of the Allen Circuit Court, denied relator's petition for such a record on May 10, 1960, without a hearing. On June 2, 1960, this court issued an alternative writ of mandate.

In support of the petition, relator has submitted an affidavit of his parents which states that relator has no property and that said parents are unable to pay for an appeal since they are now $1,500 in debt. (Both relator and respondent assume that relator is a dependent minor.) Relator's parents also state that there are three other children, of which two are still living at home. The father of relator is a mason by trade and his work is seasonal.

To this affidavit the prosecuting attorney of Allen County filed a reply to the effect that the affidavit is insufficient for the reason that it does not state the amount of income of relator's father and it states only the liabilities of the parents and not the value of their assets.

Respondent has filed an unverified reply, in which he states that from his investigation relator's parents own a two-story frame house and lot and that there is no real estate mortgage, encumbrances or lien attached to any of this property; that they own personal property, including masonry equipment, assessed for tax purposes in the amount of $1,820.00.

Relator contends that §4-3511, *supra,* is specific in its requirement that, if the accused "not having sufficient means" with which to pay for a transcript of the record for the purpose of appeal, it becomes the mandatory duty of the court to order the preparation of such transcript at public expense. However, this statute must be construed in conjunction with the established law which requires parents to provide the necessary expenses of their dependent children, if they are able to do so. This would seem to include the expense of legal services necessary in defense of a criminal act[1] as well as medical and other professional services which a minor may require for his liberty, health or safety.

The only reasonable interpretation of §4-3511, *supra,* is that it is within the discretion of the trial court judge to determine whether, on the basis of all resources or "means" legally available to the relator, he is entitled to appeal as a pauper. A dependent child, whose parents are able to pay for his necessary expenses, is neither a "poor person" nor a "pauper." Therefore, under proper circumstances the

---

1.  It has been held in Tennessee that a parent is not bound to employ counsel in a civil case to defend the suits of his minor children, and an express contract is necessary to enable an attorney to recover compensation from the father for services rendered his child in such a case. *Hill* v. *Childress* (Tenn.), 18 Tenn. 514. However, it has also been held that legal services rendered to an infant, at his request, for his protection in connection with his prosecution for a criminal offense, are in the nature of necessaries for which the father, under appropriate conditions, may be held responsible. *Griston* v. *Strousland,* 60 N. Y. S. 118, 186 Misc. 201.

". . . The word 'necessaries' is a relative one and what constitutes necessaries is to be determined in each instance from the particular facts and circumstances. The circumstances and situation in life of the parents or the child will obviously have an important bearing on the question." 67 C. J. S., Parent and Child, §16, p. 703 (1950). *Morris* v. *Morris* (1930), 92 Ind. App. 65, 171 N. E. 386; *Corbridge* v. *Corbridge* (1952), 230 Ind. 201, 102 N. E. 2d 764; *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243.

question of the ability of the relator's parents to pay for an appeal is a matter to be considered by and determined by the trial court. The court will not overrule his decision except on showing of abuse of discretion. *State ex rel. Ward* v. *Porter C. C., Conover, Sp. J.* (1955), 234 Ind. 573, 130 N. E. 2d 136.

If public policy requires that there be an exception to the general rule that parents are required to support their children and furnish all necessaries until they reach the age of emancipation and are self-supporting, then such change is a matter for the legislature and not the courts.

However, the Constitutional right of an accused to a record of the trial of his case and of counsel for the purpose of prosecuting an appeal requires more than mere cursory inquiry into the ability of the accused to pay for such record and counsel. And where an accused asserts that he is without money, means or property with which to prosecute his appeal, it becomes the duty of the court to carefully consider the fact of his ablity or inability to do so. If affidavits of the petitioner are contradicted solely by extraneous information on the subject, as in this case, it is the duty of the court to require counter-affidavits or hear evidence upon the issue and make his finding upon the basis of a record which can be submitted to this court for review. This the trial court failed to do.

The order of the trial court which denied relator's petition for an order directing the Clerk of Allen County to furnish the relator with a transcript and bill of exceptions is ordered set aside and this cause is therefore remanded to the trial court for further evidence, finding and determination.

Bobbitt, C. J., Arterburn and Landis, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—Assuming that the relator is a minor, it strikes me that the opinion as written imposes an unduly harsh and unconstitutional burden on the parents. I cannot agree that the expenses of legal services necessary in defense of a criminal act are on a par with such expenses as a parent is required to pay for the support, maintenance, care and education of a minor child. To so extend that doctrine would be detrimental to the best interests of society.

Acts 1893, ch. 33, §1, p. 32, being §4-3511, Burns' 1946 Replacement, I think, is specific that *any poor person* not having sufficient means to purchase same is entitled to have a transcript at public expense. The language of this statute makes no distinction between a minor and an adult, and the question as to the degree of solvency of the minor's parents is not in issue.

I would make the writ permanent.

### ON PETITION FOR REHEARING

ACHOR, J.—Relator has filed a petition for rehearing.

The attention of the court has been called to the fact, of which the court takes notice, that since the filing of the original petition herein, the respondent, Honorable William H. Schannen, has been succeeded by the Honorable W. O. Hughes, as regular Judge of the Allen Circuit Court, and he is therefore substituted as a party in these proceedings.

This case was previously considered by this court on a petition for writ of mandate to provide a transcript of the record for the purpose of an appeal at public expense. The fact that relator was not personally able to pay these expenses was not contradicted in the original proceedings. The sole controverted issue pre-

sented to this court by both the relator and respondent was the question of the ability of the parents of the relator to pay the cost of the expenses of an appeal. Therefore, it was assumed by this court that the relator was a minor and the original opinion was based upon that assumption. However, because the record in the case was incomplete on the issues presented, the case was remanded to the trial court "for further evidence, finding and determination."

In his petition for rehearing relator states that he was 21 years of age at the time of his conviction and therefore his parents were under no legal obligation to pay the expenses of his appeal. The respondent does not contradict the fact of the relator's majority or that the relator is without means with which to pay the costs of an appeal.

Therefore, the petition for rehearing is granted, the order of this court for further evidence, finding and determination in this cause is vacated and, consistent with this opinion, the alternative writ of mandate heretofore issued on June 2, 1960 is made permanent.

Arterburn, Jackson and Landis, JJ., concur.

Bobbitt, C. J., dissents.

NOTE.—Reported in 170 N. E. 2d 663. Rehearing granted 174 N. E. 2d 411.